UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ISHITA DAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITY SOFTWARE INC., et al.,<br><br>　　　　Defendants. | Case No.　5:22-cv-03962-EJD<br><br>**ORDER GRANTING MOTION OF OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM AND INDIANA PUBLIC RETIREMENT SYSTEM FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Re: ECF Nos. 21, 25, 30, 34, 35 |

Pending before the Court are five motions to appoint lead plaintiff and approve selection of lead counsel. ECF Nos. 21, 25, 30, 34, and 35. Having considered movants' motions and for the reasons discussed below, the Court GRANTS Oklahoma Firefighters Pension and Retirement System ("Oklahoma Fire") and Indiana Public Retirement System's ("Indiana") motion. ECF No. 25. The Court APPOINTS Oklahoma Fire and Indiana as Lead Plaintiff and APPROVES its selection of Lead Counsel and Liaison Counsel.

**I.　BACKGROUND**

On July 6, 2022, Plaintiff Das initiated a securities class action brought on behalf of all persons or entities that purchased or acquired Unity Software stock between March 5, 2021 to May 10, 2022 and were allegedly damaged by Defendants' "materially false and misleading statements" or omissions in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a)) (the "Class"). *See generally* ECF No. 1, Compl.

Defendant Unity Software, Inc. ("Unity") creates and operates a 3D content platform that provides software developers who create video games (for mobile phones, computers, and game consoles) a platform to create and monetize their games and content. *Id.* ¶¶ 18–19. Unity provides a "Pinpointer" which is a "user acquisition service which uses real-time user valuation at the time of an ad request." *Id.* ¶ 2.

Plaintiff alleges that throughout the Class Period, Defendants made false or misleading statements or failed to disclose that:

> (i) deficiencies in Unity's product platform reduced the accuracy of the Company's machine learning technology; (ii) the foregoing was likely to have a material negative impact on the Company's revenues; (iii) accordingly, Unity had overstated the Company's commercial and/or financial prospects for 2022; (iv) as a result, the Company was likely to have to reduce its fiscal 2022 guidance; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times.

*Id.* ¶ 3. After the market closed on May 10, 2022, Unity announced its financial results for the first quarter of 2022 and fiscal guidance citing a "fault" in its platform which resulted in "reduced accuracy" for Pinpointer. *Id.* ¶ 4. The following day its stock fell $17.83 per share, or approximately a 37% decrease. *Id.* ¶ 5. Plaintiffs allege that the market decline resulted from Defendants' false or misleading statements and/or omissions, and they were harmed as a result. *Id.* ¶ 6.

Initially, seven movants timely moved for lead plaintiff and lead counsel: (1) Dennis Johnson (ECF No. 15), (2) Aleksandr Kuperman (ECF No. 18), (3) Melanie Kight (ECF No. 21), (4) Oklahoma Fire and Indiana (ECF No. 25), (5) Timothy Aines (ECF No. 30), (6) City of North Miami Beach Police Officers and Firefighters Retirement Plan ("North Miami Beach") (ECF No. 34), and (7) Victor Winfrey (ECF No. 35).[1] Movants Johnson and Kuperman withdrew their

---

[1] The procedural requirements of the PSLRA are satisfied. First, all moving plaintiffs timely filed motions within 60 days of the publication of Early Notice in accordance with 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Early Notice was published in *GlobalNewswire* on July 6, 2022, and all movants timely moved for appointment of lead plaintiff on or before September 6, 2022. *See* ECF No. 25-5, Ex. D. Second, all proposed lead plaintiffs must have submitted a sworn certification setting forth certain facts designed to assure the court that the plaintiff (i) has suffered more than a

Case No.: 5:22-cv-03962-EJD
ORDER GRANTING MOT. OF OKLAHOMA FIREFIGHTERS PENSION AND RET. SYSTEM AND INDIANA PUB. RET. SYSTEM FOR APPOINTMENT OF LEAD PL. AND APPROVAL OF SELECTION OF LEAD COUNS.

1  motions the following day. *See* ECF Nos. 40, 41. Shortly thereafter, movants Kight, Aines, North
2  Miami Beach, and Winfrey filed notices of non-opposition, acknowledging that each lacked the
3  "largest financial interest" in this litigation within the meaning of the PSLRA. *See* ECF Nos. 43,
4  44, 45, 46. On January 19, 2023, the Court held a brief hearing on the motions and indicated that
5  it would grant Oklahoma Fire and Indiana's motion in light of it having the largest financial
6  interest and otherwise satisfying the PSLRA requirements and a lack of opposition. ECF No. 56.

## II. DISCUSSION

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PLSRA"), 15 U.S.C. § 78u–4(a)(3)(B)(i), the Court shall appoint the lead plaintiff that "the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). There is a rebuttable presumption that the most adequate plaintiff is a person or group of persons who:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class: and the representatives will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)–(4).

There is a "simple three-step process" to identify a lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (citing 15 U.S.C. § 78u–4(a)(3)(A)). First, "[t]he first step consists of publicizing the pendency of the action, the claims made and the purported class period." *Id.* at 729. Second, the Court determines which plaintiff has the highest financial stake. *Id.* at 729–30. Finally, rebuttal of the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality

---

nominal loss, (ii) is not a professional litigant, and (iii) is otherwise interested and able to serve as a class representative. 15 U.S.C. § 78u–4(a)(2)(A). Here, all movants filed signed certifications pursuant to § 78u-4(a)(2).

Case No.: 5:22-cv-03962-EJD
ORDER GRANTING MOT. OF OKLAHOMA FIREFIGHTERS PENSION AND RET. SYSTEM AND INDIANA PUB. RET. SYSTEM FOR APPOINTMENT OF LEAD PL. AND APPROVAL OF SELECTION OF LEAD COUNS.
3

1  and adequacy requirements. *Id.* at 730.

## III. ANALYSIS

### A. Appointment of Lead Plaintiff

#### 1. Largest Financial Interest

Oklahoma Fire and Indiana have the "largest financial interest in the relief sought by the class," 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb), totaling $3,895,186.93 in losses incurred on their investments in the securities of Unity calculated under a last-in, first-out ("LIFO") basis. ECF No. 25-3, Ex. B. Their loss is nearly seven times the second largest financial interest, Victor Winfrey, who sustained a $569,214.00 loss. *Id.* They purchased 53,119 total shares of common stock during the class period, with 31,132 net shares purchased over the Class Period at a net cost of approximately $5,084,477.39. *Id.*

#### 2. Rule 23 Requirements

"Once a movant has demonstrated that it has the largest financial interest, it need only make a prima facie showing of its typicality and adequacy." *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060–61 (N.D. Cal. 2018).

A representative party's claims or defenses must be typical of the class. Fed. R. Civ. P. 23(a)(3). "The typicality requirement is satisfied when the putative lead plaintiff has suffered the same injuries as absent class members as a result of the same conduct by the defendants." *Felix v. Symantec Corp.*, No. 18-CV-02902-WHA, 2018 WL 4029053, at *3 (N.D. Cal. Aug. 23, 2018) (citing *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Oklahoma Fire and Indiana satisfy typicality because: they purchased and/or acquired Unity securities during the Class Period; the prices were allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and they suffered damages as a result.

Next, under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). The inquiry is: "(1) whether there are conflicts within the class; and (2) whether plaintiff and counsel will vigorously fulfill their duties to the

class." *Symantec Corp.*, 2018 WL 4029053, at *3 (citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011)). Oklahoma Fire and Indiana are sophisticated institutional investors with over a $3.5 million interest in the litigation. Oklahoma Fire's net assets exceed $3.5 billion as of June 2021. ECF No. 25-4, Ex. C ¶ 2. Indiana holds approximately $45.8 billion in net assets as of June 2021. *Id.* ¶ 4.

The record is devoid of any evidence of conflicts, and Oklahoma Fire and Indiana's interests appear to align with those of the class members such that they will "vigorously" prosecute the action on behalf of the class. Oklahoma Fire and Indiana have prior experience in serving as lead and/or co-lead plaintiff with other institutional investors in securities class actions. *See* ECF No. 25-4, Ex. C ¶¶ 3, 5. They believe that they can maximize the Class's recovery by combining their resources and experience. ECF No. 25-4 ¶ 8. Both funds have conferred to discuss the claims, their funds' common goals of the litigation, and how they will successfully and cost-effectively jointly prosecute this action to obtain the greatest possible recovery for the Class. ECF No. 25 at 3–4; 25-4, Ex. C ¶¶ 8–13, 15.

Finally, "[t]he presumption of most adequate plaintiff may be rebutted by evidence that the designated plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *In re Versata, Inc., Sec. Litig.*, No. 01-CV-1439 SI, 2001 WL 34012374, at *2 (N.D. Cal. Aug. 20, 2001) (quoting 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)). None of the four other movants challenge the presumption that Oklahoma Fire and Indiana are the most adequate lead plaintiff, nor do they challenge their selection of lead counsel. In fact, all four movants filed notices of non-opposition recognizing that they are not the largest financial stakeholders. *See* ECF Nos. 43, 44, 45, 46, 47.

The Court therefore finds that Oklahoma Fire and Indiana have made a prima facie showing of typicality and adequacy.

### B. Approval of Lead Counsel

"Once a lead plaintiff is chosen, that plaintiff may select its counsel, subject to approval of

Case No.: 5:22-cv-03962-EJD
ORDER GRANTING MOT. OF OKLAHOMA FIREFIGHTERS PENSION AND RET. SYSTEM AND INDIANA PUB. RET. SYSTEM FOR APPOINTMENT OF LEAD PL. AND APPROVAL OF SELECTION OF LEAD COUNS.
5

1  the court." *Hessefort*, 317 F. Supp. 3d at 1062. "[I]f the lead plaintiff has made a reasonable

2  choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct.*

3  *for N. Dist. of California*, 586 F.3d 703, 712 (9th Cir. 2009) (citing *In re Cendant Corp. Litig.*, 264

4  F.3d 201, 276 (3d Cir. 2001)).

5        Oklahoma Fire and Indiana selected Labaton Sucharow LLP ("Labaton Sucharow") as

6  proposed Lead Counsel based on the firm's accomplishments and reputation as a well-regarded

7  firm that has obtained "significant recoveries for plaintiffs in securities class action like this case."

8  ECF No. 25-4, Ex. C ¶ 17. The firm's résumé boasts the firm's extensive securities class action

9  experience. ECF No. 25-6, Ex. E. The firm has successfully recovered $18 billion in the

10 aggregate in securities class actions and has successfully served as lead or co-lead counsel in

11 numerous actions. *See In re Am. Int'l Group, Inc. Sec. Litig.*, No. 04-cv- 8141 (S.D.N.Y.) (serving

12 as lead counsel and recovering over $1 billion); *In re Countrywide Fin. Corp. Sec. Litig.*, No. 07-

13 CV-05295 (C.D. Cal.) (serving as lead counsel and recovering approximately $624 million for the

14 investor class); *In re HealthSouth Corp. Sec. Litig.*, No. 03-CV-01500 (N.D. Ala.) (serving as co-

15 lead counsel and securing a $671 million settlement); *In re Schering-Plough/ENHANCE Sec.*

16 *Litig.*, No. 08-CV-00397 (D. N.J.) (serving as co-lead counsel, and recovering $473 million for the

17 class). Moreover, the firm currently serves as lead counsel in this district in *Boston Ret. System v.*

18 *Uber Techs., Inc., et al.*, No. 19-CV-6361 (N.D. Cal.) and *Hill v. Silver Lake Group, L.L.C.*

19 *(Intelsat S.A.)*, No. 20-CV-2341 (N.D. Cal.). Accordingly, Labaton Sucharow is highly qualified

20 to serve as Lead Counsel for the Class.

21       Oklahoma Fire and Indiana also selected Hagens Berman Sobol Shapiro LLP ("Hagens

22 Berman"), located in Berkley, California, to serve as Liaison Counsel. Hagens Berman has

23 experience as lead counsel and co-lead counsel prosecuting securities and investor fraud class

24 actions. ECF No. 25-7, Ex. F at 31–32; *see also In re Schwab Corp. Securities Litig.*, No. 08-CV-

25 01510 (N.D. Cal. 2008) (serving as lead counsel and recovering $235 million for the investor

26 class); *In re Tremont Securities Law, State Law and Insurance Litig.*, No. 08-CV-11117 (S.D.N.Y

27 Case No.: 5:22-cv-03962-EJD
ORDER GRANTING MOT. OF OKLAHOMA FIREFIGHTERS PENSION AND RET.
28 SYSTEM AND INDIANA PUB. RET. SYSTEM FOR APPOINTMENT OF LEAD PL. AND
APPROVAL OF SELECTION OF LEAD COUNS.

2008) (serving as co-lead counsel and securing a $100 million settlement); *In re Core Bond Fund* (*"Oppenheimer"*), No. 09-CV-1186 (S.D. Colo.) (serving as additional counsel).

No movant challenges Oklahoma Fire and Indiana's selection of Class Counsel and Liaison Counsel. In light of the qualifications and experience of both firms, no grounds exist to disturb the choice that these law firms serve as Lead and Liaison Counsel.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Oklahoma Fire and Indiana's motion and APPOINTS Oklahoma Fire and Indiana as Lead Plaintiff in this action. The Court APPROVES Oklahoma Fire and Indiana's selection of Lead Counsel for the Class, Labaton Sucharow LLP, and Hagens Berman Sobol Shapiro LLP as Liaison Counsel for the Class. Accordingly, the competing motions for appointment of lead plaintiff and approval of lead counsel at ECF Nos. 21, 30, 34, and 35 are DENIED.

IT IS FURTHER ORDERED:

1. This order (the "Order") shall apply to the above-captioned action (the "Action") and to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this Court, and is consolidated with the Action.

2. A Master File is established for this proceeding. The Master File shall be Civil Action No. 5:22-cv-03962-EJD. The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket. Every pleading in the Action shall have the following caption: *In re Unity Software Inc. Securities Litigation*, No. 5:22-cv-03962-EJD (N.D. Cal.).

3. Each new case that arises out of the subject matter of the Action shall be consolidated with the Action. This Order shall apply thereto, unless a party objects to consolidation (as provided for herein), or to any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party by filing an application for relief, and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of Defendants' right to object to the consolidation

Case No.: 5:22-cv-03962-EJD
ORDER GRANTING MOT. OF OKLAHOMA FIREFIGHTERS PENSION AND RET. SYSTEM AND INDIANA PUB. RET. SYSTEM FOR APPOINTMENT OF LEAD PL. AND APPROVAL OF SELECTION OF LEAD COUNS.

7

of any subsequently filed or transferred related action.

4. Lead Counsel, Labaton Sucharow LLP, shall have the authority to speak for all Plaintiffs and Class members in all matters regarding the litigation, including, but not limited to, pretrial proceedings, motion practice, trial, and settlement. Lead Counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation, and to avoid duplicative or unproductive effort. Additionally, Lead Counsel shall have the following responsibilities:

 a) to brief and argue motions;
 b) to initiate and conduct discovery, including, but not limited to, coordination of discovery with Defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;
 c) to direct and coordinate the examination of witnesses in depositions;
 d) to act as spokesperson at pretrial conferences;
 e) to call and chair meetings of Plaintiffs' counsel as appropriate or necessary from time to time;
 f) to initiate and conduct any settlement negotiations with Defendants' counsel;
 g) to provide general coordination of the activities of Plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required, in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;
 h) to consult with and employ experts;
 i) to receive and review periodic time reports of all attorneys on behalf of Plaintiffs, to determine if the time is being spent appropriately and for the benefit of Plaintiffs, and to determine and distribute Plaintiffs' attorneys' fees; and
 j) to perform such other duties as may be expressly authorized by further order of this Court.

**IT IS SO ORDERED.**

Dated: February 10, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-03962-EJD
ORDER GRANTING MOT. OF OKLAHOMA FIREFIGHTERS PENSION AND RET. SYSTEM AND INDIANA PUB. RET. SYSTEM FOR APPOINTMENT OF LEAD PL. AND APPROVAL OF SELECTION OF LEAD COUNS.

9