JORDAN ETH (SBN 121617)
JEth@mofo.com
CHRISTIN HILL (SBN 247522)
CHill@mofo.com
ALEXANDRA PLUTSHACK (SBN 313690)
APlutshack@mofo.com
SUSANA HERRERA (SBN 348147)
SHerrera@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-1905
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendants Unity Software Inc., John S. Riccitiello, Luis Felipe Visoso, and Ingrid Lestiyo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re UNITY SOFTWARE INC., SECURITIES LITIGATION | Case No. 5:22-cv-03962-EJD |
|---|---|
| | **UNITY DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED INTO AMENDED COMPLAINT AND FOR JUDICIAL NOTICE** |
| | Date:      October 12, 2023 <br> Time:      9:00 a.m. <br> Judge:     Hon. Edward J. Davila <br> Dept.:     Courtroom 4 – 5th Floor |
| | Amended Complaint Filed: March 24, 2023 <br> Trial Date: Not yet set |

Defendants Unity Software Inc., John S. Riccitiello, Luis Felipe Visoso, and Ingrid Lestiyo (collectively, the "Unity Defendants"), have moved to dismiss Plaintiffs' Consolidated Amended Class Action Complaint, ECF No. 71 (the "Amended Complaint").  In support of their Motion, Defendants request that the Court consider documents incorporated by reference in the Complaint and take judicial notice of certain documents attached as exhibits to the Declaration of Christin Hill ("Hill Declaration").

## ARGUMENT

When ruling on a motion to dismiss a securities fraud complaint, "courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  A document may be incorporated by reference into a complaint if the plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim." *In re Intel Corp. Sec. Litig.*, No. 5:20-CV-05194-EJD, 2023 WL 2767779, at *8 (N.D. Cal. Mar. 31, 2023) (citing *Khoja v.* 899 F.3d at 1002).

A court must also consider "matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322.  Federal Rule of Evidence 201 authorizes judicial notice of facts that are "readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

**Exhibits 1 through 17** to the Hill Declaration meet one or more of the foregoing standards, as discussed below.  Accordingly, this Court should consider these documents when ruling on Defendants' Motion to Dismiss. *Tellabs*, 551 U.S. at 322; *see also* Fed. R. Evid. 201(c)(2) (stating a court "must take judicial notice if a party requests it and the court is supplied with the necessary information").

## I.   THE COURT SHOULD CONSIDER DOCUMENTS REFERENCED IN THE COMPLAINT.

The Court must consider documents incorporated by reference in the Complaint. *Tellabs*, 551 U.S. at 322.  The incorporation by reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002.

While a mere mention of a document is not sufficient, a document is incorporated into a complaint if the document is referred to extensively. *Id*.  Separately, a document may be incorporated by reference into a complaint even if the complaint does not mention the document at all. *Id*.  Where a claim necessarily depends on the contents of a document, that document is properly incorporated by reference into the complaint whether mentioned in the complaint or not. *Id*.  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (internal citation omitted); *Pardi v. Tricida, Inc.* No. 21-cv-00076-HSG, 2022 WL 3018144, at *3 (N.D. Cal. July 29, 2022).

Further, the Ninth Circuit and Supreme Court have cautioned that alleged misstatements "must be analyzed in context." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1408 (9th Cir. 1996); *see Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 194 (2015).  Plaintiffs must demonstrate that a factual omission would cause a reasonable person to be misled if the alleged misstatements are read "fairly and in context," *i.e.*, "in light of all [their] surrounding text, including hedges, disclaimers, and apparently conflicting information," as well as "the customs and practices of the relevant industry." *Omnicare*, 575 U.S. at 190, 194 (2015).  For this additional reason, documents alleged to contain false or misleading statements must necessarily be considered in full by a court determining a motion to dismiss a securities class action.

Plaintiffs cite and refer to Exhibits 1 through 9 and 12 through 14 to support their

2

arguments in the Amended Complaint. Exhibits 1 through 7 are documents from which the Plaintiffs have excerpted challenged statements. Plaintiffs also refer to and necessarily rely on Exhibits 8, 9, 12, 13, and 14.

Accordingly, the Court should consider the contents of the documents attached as **Exhibits 1 through 9** to the Hill Declaration, all of which are incorporated by reference in the Amended Complaint, as summarized in the following table.

| Ex. | Description | Complaint ¶¶ |
| --- | --- | --- |
| 1 | Transcript entitled "Q1 2021 Earnings Call," from S&P Global, dated May 11, 2021. | 150-154 |
| 2 | Press Release of Unity Software Inc., attached as Ex. 99.1 to Form 8-K as filed with the SEC August 10, 2021. | 159, 165 |
| 3 | Transcript entitled "Q2 2021 Earnings Call," from S&P Global, dated August 10, 2021. | 160-164 |
| 4 | Transcript entitled "Q3 2021 Earnings Call," from S&P Global, dated November 9, 2021. | 172 |
| 5 | Press Release of Unity Software Inc., attached as Ex. 99.1 to Form 8-K as filed with the SEC February 3, 2022. | 176 |
| 6 | Transcript entitled "Q4 2021 Earnings Call," from S&P Global, dated February 3, 2022. | 177-180 |
| 7 | Unity's Form 10-K for the fiscal year ended December 31, 2021, as filed with the SEC on February 22, 2022. | 185-189 |
| 8 | Press Release of Unity Software Inc., attached as Ex. 99.1 to Form 8-K as filed with the SEC May 10, 2022. | 193 |

3

| Ex. | Description | Complaint ¶¶ |
|-----|-------------|--------------|
| 9 | Transcript entitled "Q1 2022 Earnings Call," from S&P Global, dated May 10, 2022. | 194-198 |

## II.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF UNITY'S SEC FILINGS.

The Court may take judicial notice of the contents of Unity's SEC filings.  The Ninth Circuit has held that it is appropriate to take judicial notice of SEC filings when ruling on a motion to dismiss.  *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 & n.7 (9th Cir. 2008) (holding it is proper to take judicial notice of SEC filings); *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015) (same).  Because SEC filings are publicly available, the Court can take judicial notice that the information was disclosed to the market.  *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999); *Metzler*, 540 F.3d at 1064 n.7; *Kipling v. Flex Ltd.*, No. 18-CV-02706-LHK, 2020 WL 2793463, at *7 (N.D. Cal. May 29, 2020) (taking judicial notice of SEC filings).

In addition, the Court can take judicial notice of SEC Form 4 filings "in order to prove that stock sales were made or were not made."  *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. Aug. 11, 2017).  "Courts in this circuit have routinely taken judicial notice of Forms 4 to determine whether insider stock sales raise an inference of scienter to support a § 10(b) action."  *Azar v. Yelp, Inc.*, No. 18-cv-00400-EMC, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018); *see also In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 828 (N.D. Cal. 2019) (taking judicial notice of Forms 4); *Park v. GoPro, Inc.*, 18-cv-00193-EMC, 2019 WL 1231175, at *7 (N.D. Cal. Mar. 15, 2019) (same).

**Exhibit 10** is Unity's form 10-K for the fiscal year ended December 31, 2020, as filed with the SEC on March 5, 2021.

**Exhibit 11** is a Press Release of Unity Software Inc., attached as Ex. 99.1 to Form 8-K as filed with the SEC on February 4, 2021.

**Exhibit 15** are Form 4s filed on behalf of John Riccitiello.

4

(a) Pages 1-2 are Riccitiello's Form 4 filed with the SEC on June 3, 2021.

(b) Pages 3-4 are Riccitiello's Form 4 filed with the SEC on July 6, 2021.

(c) Pages 5-6 are Riccitiello's Form 4 filed with the SEC on August 3, 2021.

(d) Pages 7-8 are Riccitiello's Form 4 filed with the SEC on September 3, 2021.

(e) Pages 9-10 are Riccitiello's Form 4 filed with the SEC on October 2, 2021.

(f) Pages 11-12 are Riccitiello's Form 4 filed with the SEC on November 2, 2021.

(g) Pages 13-14 are Riccitiello's Form 4 filed with the SEC on December 2, 2021.

(h) Pages 15-16 are Riccitiello's Form 4 filed with the SEC on December 3, 2021.

(i) Pages 17-18 are Riccitiello's Form 4 filed with the SEC on January 5, 2022.

**Exhibit 16** are Form 4s filed on behalf of Ingrid Lestiyo.

(a) Page 1 is Lestiyo's Form 4 filed with the SEC on September 16, 2021.

(b) Page 2 is Lestiyo's Form 4 filed with the SEC on October 14, 2021.

(c) Page 3 is Lestiyo's Form 4 filed with the SEC on October 27, 2021.

(d) Page 4 is Lestiyo's Form 4 filed with the SEC on November 9, 2021.

(e) Page 5 is Lestiyo's Form 4 filed with the SEC on November 12, 2021.

(f) Page 6 is Lestiyo's Form 4 filed with the SEC on November 16, 2021.

(g) Pages 7-8 are Lestiyo's Form 4 filed with the SEC on December 1, 2021.

(h) Page 9 is Lestiyo's Form 4 filed with the SEC on December 9, 2021.

(i) Page 10 is Lestiyo's Form 4 filed with the SEC on January 6, 2022.

**Exhibit 17** are Form 4s filed on behalf of Luis Felipe Visoso.

(a) Page 1 is Visoso's Form 4 filed with the SEC on May 27, 2021.

(b) Page 2 is Visoso's Form 4 filed with the SEC on August 30, 2021.

Accordingly, the Court should take judicial notice of the SEC filings attached as **Exhibits 10, 11, 15, 16, and 17** to the Hill Declaration.[1]

---

[1] In addition to being incorporated by reference in the Complaint (*see* Part I), Exhibits 2, 5, 7, 8, 12, 13, 14 are also subject to judicial notice because each document was filed with the SEC.

Dated: May 25, 2023

MORRISON & FOERSTER LLP

By:    */s/ Christin Hill*
Christin Hill

*Attorneys for Defendants Unity Software Inc., John S. Riccitiello, Luis Felipe Visoso, and Ingrid Lestiyo*

6