JORDAN ETH (CA SBN 121617)
JEth@mofo.com
CHRISTIN HILL (CA SBN 247522)
CHill@mofo.com
ALEXANDRA PLUTSHACK (CA SBN 313690)
APlutshack@mofo.com
SUSANA HERRERA (CA SBN 348147)
SHerrera@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

*Attorneys for Defendants Unity Software Inc., John S.
Riccitiello, Luis Felipe Visoso, and Ingrid Lestiyo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re UNITY SOFTWARE INC., SECURITIES LITIGATION | Case No. 5:22-cv-03962-EJD<br><br>**UNITY DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED INTO AMENDED COMPLAINT AND FOR JUDICIAL NOTICE**<br><br>Date:       October 12, 2023<br>Time:       9:00 a.m.<br>Judge:      Hon. Edward J. Davila<br>Dept.:      Courtroom 4 – 5th Floor<br><br>Amended Complaint Filed: March 24, 2023<br>Trial Date: None yet set |

**INTRODUCTION**

In support of their Motion to Dismiss (Dkt. 103, the "Motion" or "Mot."), the Unity Defendants ask the Court to consider certain documents referenced and relied upon in Plaintiffs' Amended Complaint and other documents for which courts routinely take judicial notice. (*See* Unity Defendants' Request for Consideration and Judicial Notice (Dkt. 104, hereinafter the "Request" or "RJN").) Specifically, the Unity Defendants ask the Court to consider **Exhibits 1-9** and **12-14** to the Declaration of Christin Hill filed on May 25, 2023 (Dkt. 103-1, hereinafter the "Hill Declaration"), under the doctrine of incorporation by reference. (*See* RJN at 2-4.) The Unity Defendants also ask the Court to take judicial notice of **Exhibits 2, 5, 7, 8,** and **10-17** to the Hill Declaration. (*See id.* at 4-5.)

Plaintiffs' Opposition to the Unity Defendants' Request for Consideration and Judicial Notice (Dkt. 108, hereinafter "RJN Opposition" or "RJN Opp.") ***agrees*** that the Court may take judicial notice of and/or incorporate by reference the 17 Exhibits at issue. Plaintiffs argue, however, that the court "cannot assume the truth of the matter asserted" in these documents. (RJN Opp. at 2.)

Plaintiffs conflate judicial notice and the separate doctrine of incorporation by reference, which the Ninth Circuit has affirmed permits a court to consider a document in its entirety. As such, the Court may accept undisputed factual statements in documents incorporated by reference as true. Additionally, Plaintiffs object to the Court's consideration of these documents based on a mischaracterization of the purposes for which the Unity Defendants seek judicial notice and incorporation by reference. In doing so, Plaintiffs' eight-page Opposition consists primarily of improper arguments on the merits of the Motion. Finally, Plaintiffs overstate the holdings of *Khoja*, which allows for the consideration of documents incorporated by reference and/or subject to judicial notice to challenge Plaintiffs' conclusory allegations. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018). Accordingly, Plaintiffs' RJN Opposition lacks merit, and the Unity Defendants' Request should be granted.

**ARGUMENT**

Although it is generally true that district courts cannot consider materials beyond the

complaint when ruling on a motion to dismiss, there are two exceptions: the doctrine of incorporation by reference and judicial notice under Federal Rule of Evidence 201. *See Khoja*, 899 F.3d at 998. The doctrine of incorporation by reference is distinct from judicial notice, and each provides a separate ground for considering materials outside of a complaint. *Id.* The documents attached as **Exhibits 1-17** of the Hill Declaration are appropriate for the Court's consideration under the doctrine of incorporation by reference, judicial notice, or both.

## I.   THE COURT SHOULD CONSIDER DOCUMENTS REFERENCED IN THE AMENDED COMPLAINT IN THEIR ENTIRETY

As described in Unity Defendants' Request, the Court may properly consider **Exhibits 1-9** and **12-14** as they have been incorporated by reference into the Amended Complaint. (RJN at 2-4.)

Plaintiffs do not dispute that **Exhibits 1-9** are incorporated by reference. (RJN Opp. at 4.) Instead, Plaintiffs assert that these documents may not be used to dispute the falsity of Unity's statements regarding the strength of Unity's platform or Plaintiffs' allegations of scienter. (*Id.* at 4-8.) Plaintiffs' attempts to limit the Court's consideration of these documents is contrary to Ninth Circuit authority.

Documents incorporated by reference into the complaint should be treated "as part of the complaint" and the court "may assume that [the documents'] contents are true for the purposes of a motion to dismiss." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (citation omitted). The court may therefore consider the contents of documents incorporated by reference to determine whether, when "analyzed in context" of the information contained therein, defendants' statements are false or misleading. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (consideration of "full text of the Prospectus, including portions which were not mentioned in the complaints," is "appropriate in the context of a motion to dismiss") (citations omitted); *see also Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 764 (9th Cir. 2023) ("To state a claim that an opinion is false or misleading, the investor must identify particular material facts regarding the basis for the issuer's opinion, the omission of which makes the statement 'misleading to a reasonable person reading the statement fairly and in context.'")

(citation omitted).

Furthermore, while it is true that a court should not assume the truth of these documents "if such assumptions *only* serve to dispute facts stated in a ***well-pleaded complaint***," *Khoja*, 899 F.3d at 1003 (emphasis added), where plaintiffs rely on "conclusory allegations that are contradicted by documents referred to or incorporated in the complaint, a court may decline to accept such conclusory allegations as true." *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (quoting *J.K.J. v. City of San Diego*, 17 F.4th 1247, 1254 (9th Cir. 2021)).

Here, the Unity Defendants do not rely on documents incorporated by reference to present a factual dispute with any of Plaintiffs' well-pled allegations. Instead, these documents provide important context in considering the alleged falsity of the Challenged Statements and Plaintiffs' conclusory allegations regarding the Unity Defendants' scienter.

For example, the Unity Defendants do not rely on information about Unity's monthly active users to dispute any well-pled factual allegation in the Amended Complaint, but rather to provide context in which to analyze the falsity of the Challenged Statements. In particular, Plaintiffs challenge a statement by Defendant Lestiyo that Unity has "deep, deep context about game play" that was made ***in the context*** of discussing Unity's ability to "reach[] more than 3 billion devices" (Statement 34). Documents incorporated by reference from around the time of this statement reflect that Unity had 3.9 billion monthly active end-users. (*See* Ex. 7.) This information is necessary context to understand how a reasonable investor would understand this statement.

Similarly, the Unity Defendants do not rely on Unity's publicly reported revenue to factually dispute Plaintiffs' alleged changes in Operate's revenue growth quarter-over-quarter; after all, Plaintiffs calculate these values from the same reported revenue. (¶ 221-23.) Instead, the Unity Defendants ask the Court to consider Unity's reported revenue in full—as disclosed to the market in documents incorporated by reference and/or subject to judicial notice—in determining whether allegations regarding Unity's revenue either show the falsity of any of the Challenged Statements or give rise to a strong inference of scienter.

As to **Exhibits 12-14**, Plaintiffs assert that the Amended Complaint's "mere mention" of

these documents is not enough to incorporate them by reference. (*Id.*) In doing so, Plaintiffs understate the significance of these documents to the Amended Complaint.

A document is properly incorporated by reference where either (1) "the plaintiff refers extensively to the document," or (2) "the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002. All three of these exhibits are either cited to, quoted from, or relied upon by Plaintiffs to form the basis of their claims. The Amended Complaint alleges that Unity's Q1 2021 press release, **Exhibit 12**, initiated the Class Period. (¶ 148.) Plaintiffs directly quote from statements by Defendant Visoso in Unity's Q3 2021 press release, **Exhibit 13**. (¶ 171.) And Plaintiffs rely on Unity's 2021 Proxy Statement, filed April 28, 2021, **Exhibit 14**, to plead their claims against Sequoia Capital Operations, LLC, SC US SSF 2013, and Silver Lake Group, LLC. (¶ 30-32.) Plaintiffs extensively refer to the contents of this exhibit to establish the Private Equity Defendants' beneficially owned shares, while disregarding the Individual Defendants' beneficially owned shares provided on the same page. (¶ 30(b); ¶ 31(b); Ex. 14 at 18.) Accordingly, the Court may consider each of these exhibits under the incorporation by reference doctrine.

For the reasons detailed herein and in the Unity Defendants' Request, under the doctrine of incorporation by reference, the Court may properly consider **Exhibits 1-9** and **12-14** in their entirety in connection with the Unity Defendants' motion to dismiss.

## II.   THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE UNITY DEFENDANTS' SEC FILINGS

As described in the Unity Defendants' Request, the Court may also take judicial notice of **Exhibits 2, 5, 7, 8,** and **10-17**, which are all documents publicly filed with the SEC. (RJN at 4-5 & n.1.) Plaintiffs do not dispute that these public SEC filings are properly judicially noticeable, nor do Plaintiffs dispute that the Court may take judicial notice that the market was aware of the information contained in such documents. (RJN Opp. at 5 ("Lead Plaintiffs do not object to the use of these documents that are among those that courts typically deem appropriate to judicially notice.").)

Instead, Plaintiffs object to the use of certain of these exhibits—in particular, **Exhibits 2,**

4

**5, 8,** and **10**-**13**—to the extent they provide Unity's reported quarterly revenue and yearly revenue growth, which Plaintiffs' allege the Unity Defendants use to "raise factual issues" with well-pled allegations in the Amended Complaint. (RJN Opp. at 6.) Not so.

Although a court is required to accept all well-pled allegations, it need not accept "conclusory" allegations or "unwarranted inferences." *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). As such, courts are not prevented from "using the doctrines of judicial notice or incorporation by refence to create factual disputes with a plaintiff's *conclusory* allegations." *In re Eventbrite, Inc. Sec. Litig.*, No. 5:18-cv-02019-EJD, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020). A court may therefore decide the falsity of a challenged statement by reference to facts properly subject to judicial notice where plaintiff does not provide any well-pled facts that allow the court to draw a reasonable inference to the contrary. *See, e.g.*, *In re Hall, Kinion & Assocs., Inc., Sec. Litig.*, No. C 99–02943 WHA, 2000 WL 1639503, at *1 (N.D. Cal. Oct. 27, 2000) (taking judicial notice of publicly reported revenue and revenue projections in finding statements regarding company's growth plan were not false or misleading); *Eventbrite*, 2020 WL 2042078, at *11 (finding that "a closer inspection of [defendant's] SEC filings appears to belie" plaintiffs' theory of falsity).

Plaintiffs' own authority stands only for the proposition that the Court may not use a judicially noticeable fact to raise a competing inference to Plaintiffs' well-pled facts. (RJN Opp. at 4-6.) In *Khoja*, the court refused to judicially notice that certain facts were previously disclosed to the public where the alleged disclosure was "subject to varying interpretations, and there [wa]s a reasonable dispute as to what the [transcript] establishe[d]." 899 F.3d at 1000 (citation omitted). Similarly, in *Vesta*, the court would not take judicial notice that "other companies [were] capable of providing" services that would compete with defendants (and thus defendants could not maintain supra-competitive pricing) as this was an "issue of fact that is hotly disputed in this case." *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 129 F. Supp. 3d 1012, 1021 (D. Or. 2015). In *DocuSign*, plaintiffs alleged certain statements were false and misleading because they were inconsistent with internal key performance metrics, such as customer usage and retention rates. *Weston v. DocuSign, Inc.*, No. 22-cv-00824-WHO, 2023 WL 3000583, at *6 (N.D. Cal. Apr. 18,

5

2023). The court denied judicial notice of a chart prepared by counsel providing entirely *different* financial metrics—quarterly and fiscal year financial guidance and actual results—to dispute plaintiffs' inferences. *Id.* at *11.

Here, there is no factual dispute. Plaintiffs admit that they "do not challenge Unity's reported financial results." (RJN Opp. at 6.) Nor could they, as Plaintiffs rely upon these same figures to calculate their quarter-over-quarter analysis. (¶ 221; *see also* Lead Plaintiffs' Omnibus Brief in Opposition to Defendants' Motions to Dismiss ("MTD Opp."), Dkt. 107, at 9.) And, unlike the defendants in *DocuSign*, the Unity Defendants do not request judicial notice of financial metrics that were not otherwise alleged by Plaintiffs. Plaintiffs themselves allege that Operate's revenue growth (and Unity's own revenue by extension) is relevant to both the falsity of the Challenged Statements and the Unity Defendants' scienter. (MTD Opp. at 19, 29.) Instead, the Unity Defendants ask the Court only to consider the Company's revenue and revenue growth *as it was reported to investors* (*i.e.*, as a year-over-year metric to follow standard financial reporting and account for seasonality, s*ee* Mot. at 24) in determining whether the challenged statements were false or misleading or whether Plaintiffs' conclusory allegations raise a strong inference of scienter. As such, the Court may properly take judicial notice of these documents, including the undisputed revenue and revenue growth reported therein.

Finally, Plaintiffs challenge the use of **Exhibits 14-17** to "factually dispute" Plaintiffs' allegations regarding Defendants Riccitiello and Lesityo's stock sales and the number of Unity shares beneficially owned by each Defendant. As explained in the Unity Defendants' Request, courts "routinely take[] judicial notice of Forms 4 to determine whether insider stock sales raise an inference of scienter." *Azar v. Yelp, Inc.*, No. 18-cv-00400-EMC, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018); (*see also* RJN at 4 (collecting cases)).  Plaintiffs do not contest the accuracy of the Forms 4 (**Exhibits 15-17**) or Unity's 2021 Proxy Statement (**Exhibit 14**), which Plaintiffs themselves rely on to establish the number of Unity shares beneficially held by Defendants Sequoia and Silver Lake.

For the reasons detailed herein and in the Unity Defendants' Request, the Court may take judicial notice of **Exhibits 2, 5, 7, 8,** and **10-17**, including that the information within these

documents was available to the market, in connection with the Unity Defendants' motion to dismiss.

### III.    CONCLUSION

For the foregoing reasons, the Unity Defendants respectfully request that the Court grant their RJN filed in support of their Motion to Dismiss.

Dated: September 1, 2023                           MORRISON & FOERSTER LLP


                                                   */s/ Jordan Eth*
                                                   JORDAN ETH (SBN 121617)
                                                   JEth@mofo.com
                                                   CHRISTIN HILL (SBN 247522)
                                                   CHill@mofo.com
                                                   ALEXANDRA PLUTSHACK (SBN 313690)
                                                   APlutshack@mofo.com
                                                   SUSANA HERRERA (SBN 348147)
                                                   SHerrera@mofo.com
                                                   MORRISON & FOERSTER LLP
                                                   425 Market Street
                                                   San Francisco, California 94105-1905
                                                   Telephone: 415.268.7000
                                                   Facsimile: 415.268.7522

                                                   *Attorneys for Defendants Unity Software Inc.,
                                                   John S. Riccitiello, Ingrid Lestiyo, and Luis
                                                   Felipe Visoso*