**HAGENS BERMAN SOBOL SHAPIRO LLP**
Reed R. Kathrein (Bar. No. 139304)
Lucas E. Gilmore (Bar No. 250893)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Liaison Counsel for the Class*

**LABATON KELLER SUCHAROW LLP**
Carol C. Villegas (*pro hac vice*)
Christine M. Fox (*pro hac vice*)
James M. Fee (*pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
cfox@labaton.com
jfee@labaton.com

*Lead Counsel for Lead Plaintiffs
Oklahoma Firefighters Pension and
Retirement System and Indiana Public
Retirement System and the Proposed
Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE UNITY SOFTWARE INC. SECURITIES LITIGATION | Case No. 5:22-cv-03962-EJD<br><br>**CLASS ACTION**<br><br>**LEAD PLAINTIFFS' OPPOSITION TO DEFENDANT SILVER LAKE'S REQUEST FOR JUDICAL NOTICE AND TO CONSIDER INCORPORATED DOCUMENTS**<br><br>Date:  September 12, 2024<br>Time:  9:00 a.m.<br>Judge:  Hon. Edward J. Davila<br>Dept.:  Courtroom 4 – 5th Floor<br><br>Second Amended Complaint Filed: April 12, 2024<br>Trial Date: Not yet set |

Lead Plaintiffs Oklahoma Firefighters Pension and Retirement System and Indiana Public Retirement System ("Lead Plaintiffs") respectfully submit this memorandum in opposition to Defendant Silver Lake Group, L.L.C.'s ("Silver Lake") Request for Judicial Notice and to Consider Incorporated Documents ("RJN," ECF No. 132-1), in which Defendants Sequoia Capital Operations, LLC and SC US SSF 2013 (TTGP) (collectively, the "Sequoia Defendants" and together with Silver Lake, the "Private Equity Defendants") join (ECF No. 131 at 1 (cited as "SeqB at __").

## PRELIMINARY STATEMENT

On April 12, 2024, Lead Plaintiffs filed their Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint," ECF No. 129).  On May 22, 2024, the Private Equity Defendants filed their Notices of Motion and Motions to Dismiss the Second Amended Class Action Complaint ("Motions to Dismiss," ECF Nos. 131, 132).  In conjunction with their Motions to Dismiss, the Private Equity Defendants requested that the Court either judicially notice five (5) separate documents or find that they were incorporated in the Complaint.  These documents— spanning 684 pages—include: (1) Unity's Schedule 14A that was filed with the SEC on April 28, 2021 ("Exhibit A," ECF No. 132-3); (2) Unity's Schedule 14A that was filed with the SEC on April 20, 2022 ("Exhibit B," ECF No. 132-4); (3) Unity's Registration Statement that was filed with the SEC on Form S-1/A on September 16, 2020 ("Exhibit C," ECF No. 132-5); (4) Unity's Annual Report for the Fiscal Year ended December 31, 2021 that was filed with the SEC on Form 10-K on February 22, 2022 ("Exhibit D," ECF No. 132-6); and (5) Unity's Annual Report for the Fiscal Year ended December 31, 2023 that was filed with the SEC on Form 10-K on February 29, 2024 ("Exhibit E," ECF No. 132-7).  The Private Equity Defendants' use of these documents to support their arguments in their Motions to Dismiss is improper.

Although the incorporation-by-reference doctrine and judicial notice under Federal Rule of Evidence 201 are two exceptions to the general rule against considering material beyond the pleadings, the Ninth Circuit has recently highlighted "a concerning pattern in securities cases like this one: exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleadings stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th

1

Cir. 2018).  Indeed, "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.* at 999. Likewise, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003.

Here, the Private Equity Defendants abuse the judicial notice and incorporation-by-reference doctrines by offering documents as exhibits to submit their alternative version of the facts for purposes of disputing the Complaint's well-pled factual allegations regarding their control over the Unity Defendants[1] as they concealed experienced with Audience Pinpointer and the negative impact that Apple's privacy changes were having on the Company's ability to provide its ad customers effectiveness from a return-on-investment perspective during the Class Period (¶¶305-11).  This is improper.

For a motion to dismiss, the Court "must accept as true all facts alleged in the complaint" and "must interpret the allegations and factual disputes in favor of the plaintiff." *Khoja*, 899 F.3d at 1003, 1014 (citation and quotations omitted).  To the extent that the Court considers any of these exhibits, it cannot assume the truth of the matter asserted therein.

### APPLICABLE LEGAL STANDARDS

On a motion to dismiss, a district court may not consider material outside the pleadings when considering a Rule 12(b)(6) motion to dismiss.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  Otherwise, the motion is converted into one for summary judgment.  *Weston v. DocuSign, Inc.*, 2023 WL 3000583, at *9 (N.D. Cal. Apr. 18, 2023).  There are two relevant exceptions to this rule: "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

The Ninth Circuit has identified a "concerning pattern in securities cases": parties "exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at

---

[1] The "Unity Defendants" refers to Defendants Unity Software Inc. ("Unity"), John S. Riccitiello, Luis Felipe Visoso, and Ingrid Lestiyo, collectively.

2

the pleading stage." *Khoja.*, 899 F.3d at 998. Although these doctrines "do have roles to play at the pleading stage[,]" the court noted that the "overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results[,]" including "premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* The *Khoja* court specifically referenced the "alluring temptation" defendants face "to pile on numerous documents to their motions to dismiss to undermine the complaint[.]" *Id.*

A court may take judicial notice of a fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

"Although mere mention of the existence of a document is insufficient to incorporate the contents of a document, the document is incorporated when its contents are described and the document is integral to the complaint." *Tunac v. United States*, 897 F.3d 1197, 1207 n.8 (9th Cir. 2018) (citation and quotations omitted). However, the Ninth Circuit cautioned that it "is not a tool for defendants to short-circuit the resolution of a well-pleaded claim[,]" for example, by attempting to use a document that is not mentioned in the complaint "to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Khoja*, 899 F.3d at 1002-03. Although a court may assume the contents of an incorporated document are true for the purposes of a motion to dismiss (unlike judicial notice), "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003.

**ARGUMENT**

For the reasons explained below, the Private Equity Defendants' overuse of judicial notice and incorporation by reference is improper. To the extent the Court is inclined to judicially notice certain exhibits or have them incorporated by reference, it cannot assume the truth of any disputed facts.

3

LEAD PLAINTIFFS' OPPOSITION TO SILVER LAKE'S REQUEST FOR
JUDICIAL NOTICE AND TO CONSIDER INCORPORATED DOCUMENTS
CASE NO. 5:22-CV-03962-EJD

**I.  The Private Equity Defendants' Requests for Judicial Notice and Incorporation By Reference Should Be Denied to the Extent It Seeks to Notice the Truth of the Exhibits' Contents and Disputed Facts**

The Private Equity Defendants claim that four of the exhibits (A-D) should be incorporated by reference because they, or information contained in them, are mentioned in the Complaint.  RJN at 3.  Even if the Court is inclined to incorporate any of these exhibits by reference, it cannot assume the truth of any disputed fact.  *DocuSign*, 2023 WL 3000583, at *10 ("Although I may assume the contents of these transcripts to be true, I will not to the extent that 'such assumptions only serve to dispute facts stated' in the [complaint].") (citation omitted).

The Private Equity Defendants' improper use of such exhibits is almost entirely within in their "Relevant Allegations of the Second Amended Complaint" section, which relies heavily on their proffered exhibits to manufacture their preferred alternative narrative of the facts.  *See* SLB 3-4.[2] This is improper and ignores the clear instructions provided by the Ninth Circuit in *Khoja*.  *See, e.g.*, *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) ("[Defendant] is not explaining or arguing the allegations in [p]laintiffs' [complaint] – it is trying to factually rebut them. As *Khoja* makes clear, to grant the request for judicial notice would improperly convert this Rule 12(b)(6) motion into a motion for summary judgment under Rule 56.").  Accordingly, the Court should reject Defendants' Request.

Furthermore, the Lead Plaintiffs' "mere mention" of the documents in the Complaint is insufficient for the Court to find that they have been incorporated by reference.  *In re Ocera Therapeutics, Inc. Sec. Litig.*, 2018 WL 7019481, at *4 (N.D. Cal. Oct. 16, 2018); *see also Pruitt v. Bayer U.S. LLC*, 2020 WL 2527028, at *3 (N.D. Cal. May 18, 2020) ("Because one referral is not 'extensive,' and allegations against Bayer appear unrelated to the CBA, incorporation by reference is inappropriate.").  Incorporation-by-reference is proper only "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (citation and quotations omitted).  "[E]xtensively" means that "the mere mention of the existence of a

---

[2] Defendant Silver Lake's Motion to Dismiss brief (ECF No. 132) is cited to as (SLB __).

4

document is insufficient to incorporate the contents of a document." *Id.* (citation and quotations omitted).

The Private Equity Defendants also request that the Court judicially notice the contents in Unity's SEC filings, claiming that all of their exhibits (A-E) are "public documents filed with the SEC." RJN at 4. Lead Plaintiffs do not object to the use of these documents that are among those that courts typically deem appropriate to judicially notice. However, to the extent these SEC filings are found to be subject to judicial notice, they "should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents." *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005) (citation and quotations omitted); *see also, e.g.*, *In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019) (granting request for judicial notice of SEC filings only to the extent the filings "contained certain disclosures" and denying request all other respects); *Shapiro v. Hasbro, Inc.*, 2016 WL 9176559, at *4 n.10 (C.D. Cal. Aug. 23, 2016) (taking judicial notice of SEC filings to show that a statement was made, but not for the truth of the statement). In other words, the exhibits that the Private Equity Defendants seek judicial notice of may only be considered for the purpose of determining what was said without prejudice to Lead Plaintiffs' ability to contest the accuracy of those statements. *DocuSign*, 2023 WL 3000583, at *10 ("I will only take notice of facts within these documents that show what representations DocuSign made to the market. I will not consider them for the truth of any of the facts asserted.").

### A. The Court Should Not Consider Exhibits Used to Factually Dispute the Control Allegations in the Complaint

Despite the Ninth Circuit's clear instructions in *Khoja*, the Private Equity Defendants request that the Court consider extraneous documents for their truth and to resolve factual disputes in the Private Equity Defendants' favor. For example, the Silver Lake Defendants use Exhibits A and B to submit data related to Silver Lake's holdings in Unity stock during the Class Period relative to other Unity shareholders. SLB at 3. Similarly, the Silver Lake Defendants use Exhibits A, B, and C to submit facts regarding the board composition at Unity and information from Unity's Registration

LEAD PLAINTIFFS' OPPOSITION TO SILVER LAKE'S REQUEST FOR
JUDICIAL NOTICE AND TO CONSIDER INCORPORATED DOCUMENTS
CASE NO. 5:22-CV-03962-EJD

statement that is not pled in the Complaint. SLB at 3-4. The Silver Lake Defendants use Exhibit D to introduce facts regarding Egon Durban's signature on Unity's 2021 Form 10-K. SLB at 4, 7-8. Finally, the Private Equity Defendants use Exhibit E to challenge the allegation that Defendant Riccitiello left Unity without a succession plan in place. SLB at 4, n.3.

While Lead Plaintiffs do not necessarily challenge that the number of directors on Unity's board during the Class Period, this does not mean that Lead Plaintiffs accept the factual inferences that may be drawn from them. *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 129 F. Supp. 3d 1012, 1021–22 (D. Or. 2015) ("[I]t is clear that Plaintiff disputes the inferences that Defendants ask this Court to draw based on those documents."). Indeed, as discussed in Lead Plaintiffs' Omnibus Brief in Opposition to Defendants' Motions to Dismiss (at 37-43), the Private Equity Defendants possessed a combination of factors that courts in this Circuit have previously found adequately pled control at the motion to dismiss stage: (i) the Private Equity Defendants placed designees on the Unity Board of Directors; (ii) the Private Equity Defendants' hand-picked designees on the Unity Board of Directors signed the financial statements containing false and misleading statements; and (iii) minority stock ownership combined with presence on a board of directors suffices to allege control. This is enough to plead a control claim at the motion to dismiss stage.

In short, the Private Equity Defendants raise factual issues on these topics that cannot be resolved at this stage, before discovery, without converting the Private Equity Defendants' Motions to Dismiss into one for summary judgment.

## CONCLUSION

For the forgoing reasons, Lead Plaintiffs respectfully request that the Court deny the Private Equity Defendants' request, except for the limited purpose set forth herein.

LEAD PLAINTIFFS' OPPOSITION TO SILVER LAKE'S REQUEST FOR
JUDICIAL NOTICE AND TO CONSIDER INCORPORATED DOCUMENTS
CASE NO. 5:22-CV-03962-EJD

Dated: July 1, 2024

**LABATON KELLER SUCHAROW LLP**

*/s/ Christine M. Fox*
Carol C. Villegas (*pro hac vice*)
Christine M. Fox (*pro hac vice*)
James M. Fee (*pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
cfox@labaton.com
jfee@labaton.com

*Lead Counsel for Lead Plaintiffs Oklahoma Firefighters Pension and Retirement System and Indiana Public Retirement System and the Proposed Class*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Reed R. Kathrein (Bar. No. 139304)
Lucas E. Gilmore (Bar No. 250893)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Liaison Counsel for the Class*

7