**HAGENS BERMAN SOBOL SHAPIRO LLP**
Reed R. Kathrein (Bar. No. 139304)
Lucas E. Gilmore (Bar No. 250893)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Liaison Counsel for the Class*

**LABATON KELLER SUCHAROW LLP**
Carol C. Villegas (*pro hac vice*)
Christine M. Fox (*pro hac vice*)
James M. Fee (*pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
cfox@labaton.com
jfee@labaton.com

*Lead Counsel for Lead Plaintiffs
Oklahoma Firefighters Pension and
Retirement System and Indiana Public
Retirement System and the Proposed
Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE UNITY SOFTWARE INC., SECURITIES LITIGATION | Case No. 5:22-cv-03962-EJD<br><br>**CLASS ACTION**<br><br>**LEAD PLAINTIFFS' OPPOSITION TO UNITY DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED INTO AMENDED COMPLAINT AND FOR JUDICIAL NOTICE**<br><br>Date:        September 12, 2024<br>Time:       9:00 a.m.<br>Judge:     Hon. Edward J. Davila<br>Dept.:      Courtroom 4 – 5th Floor<br><br>Second Amended Complaint Filed: April 12, 2024<br>Trial Date: Not yet set |

Lead Plaintiffs Oklahoma Firefighters Pension and Retirement System and Indiana Public Retirement System ("Lead Plaintiffs") respectfully submit this memorandum in opposition to the Unity Defendants' Request for Consideration of Documents Incorporated into Amended Complaint and for Judicial Notice ("RJN," ECF No. 134).[1]

## PRELIMINARY STATEMENT

On April 12, 2024, Lead Plaintiffs filed their Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("Complaint," ECF No. 129). On May 22, 2024, the Unity Defendants filed their Notice of Motion and Motion to Dismiss the Second Amended Class Action Complaint ("Motion to Dismiss," ECF No. 133). In conjunction with their Motion to Dismiss, the Unity Defendants requested that the Court either judicially notice thirteen (13) separate documents or find that they were incorporated in the Complaint. These documents—spanning 219 pages—include: (1) Unity's earnings call transcripts (Exs. 1, 3-4, 6); (2) press releases that were attached to Unity's SEC Forms 8-K; (3) Unity's 2021 annual report that were filed on SEC Forms 10-K; (4) Unity's Schedule 14A that was filed with the SEC on April 28, 2021; (5) certain SEC Forms 4 that were filed by Defendants John Riccitiello, Ingrid Lestiyo, and Luis Felipe Visoso; and (6) an article from PocketGamer.biz featuring an interview of Defendant Riccitiello dated July 13, 2022. Defendants' use of these documents to support their arguments in their Motion to Dismiss is improper.

Although the incorporation-by-reference doctrine and judicial notice under Federal Rule of Evidence 201 are two exceptions to the general rule against considering material beyond the pleadings, the Ninth Circuit has recently highlighted "a concerning pattern in securities cases like this one: exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleadings stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Indeed, "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.* at 999.

---

[1] The "Unity Defendants" refers to Defendants Unity Software Inc. ("Unity" or the "Company"), John S. Riccitiello, Luis Felipe Visoso, and Ingrid Lestiyo, collectively.

1

Likewise, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003.

Here, the Unity Defendants abuse the judicial notice and incorporation-by-reference doctrines by offering documents as exhibits to submit their alternative version of the facts for purposes of disputing the Complaint's well-pled factual allegations regarding issues Unity experienced with Audience Pinpointer and the negative impact that Apple's privacy changes were having on the Company's ability to provide its ad customers effectiveness from a return-on-investment perspective during the Class Period. This is improper.

For a motion to dismiss, the Court "must accept as true all facts alleged in the complaint" and "must interpret the allegations and factual disputes in favor of the plaintiff." *Khoja*, 899 F.3d at 1003, 1014 (citation and quotations omitted). To the extent that the Court considers any of these exhibits, it cannot assume the truth of the matter asserted therein. For example, the Unity Defendants offer numerous exhibits to argue that statements concerning the strength of its platform and products were not false simply because Unity's Operate segment revenue grew throughout the Class Period. Motion to Dismiss at 13-14. Thus, the Unity Defendants are improperly using these exhibits for the truth of the matters asserted to factually challenge key issues like falsity and scienter.

Moreover, Defendants' argument ignores the Complaint's well-pled allegations that, *inter alia*, Defendants knew or recklessly disregarded that issues with Unity's Audience Pinpointer were causing an abrupt slowdown in advertiser spending in mid-2021—which resulted in a drastic slowdown in revenue growth within the Operate segment as early as July 2021 (¶183). Highly disputed factual issues, such as this, cannot be decided at the pleadings stage before any discovery has been permitted. Accordingly, Defendants' summary judgment-style evidentiary attacks, which seek notice of unpled documents and disputed "facts" for their truth to contest the Complaint's well-pled allegations, are improper and should be rejected.

### APPLICABLE LEGAL STANDARDS

On a motion to dismiss, a district court may not consider material outside the pleadings when considering a Rule 12(b)(6) motion to dismiss. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688

LEAD PLAINTIFFS' OPPOSITION TO UNITY DEFENDANTS' REQUEST FOR
CONSIDERATION AND JUDICIAL NOTICE
CASE NO. 5:22-CV-03962-EJD

(9th Cir. 2001).  Otherwise, the motion is converted into one for summary judgment.  *Weston v. DocuSign, Inc.*, 2023 WL 3000583, at *9 (N.D. Cal. Apr. 18, 2023).  There are two relevant exceptions to this rule: "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

The Ninth Circuit has identified a "concerning pattern in securities cases": parties "exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage."  *Khoja.*, 899 F.3d at 998.  Although these doctrines "do have roles to play at the pleading stage[,]" the court noted that the "overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results[,]" including "premature dismissals of plausible claims that may turn out to be valid after discovery."  *Id.*  The *Khoja* court specifically referenced the "alluring temptation" defendants face "to pile on numerous documents to their motions to dismiss to undermine the complaint[.]"  *Id.*

A court may take judicial notice of a fact "that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

"Although mere mention of the existence of a document is insufficient to incorporate the contents of a document, the document is incorporated when its contents are described, and the document is integral to the complaint."  *Tunac v. United States*, 897 F.3d 1197, 1207 n.8 (9th Cir. 2018) (citation and quotations omitted).  However, the Ninth Circuit cautioned that it "is not a tool for defendants to short-circuit the resolution of a well-pleaded claim[,]" for example, by attempting to use a document that is not mentioned in the complaint "to insert their own version of events into the complaint to defeat otherwise cognizable claims."  *Khoja*, 899 F.3d at 1002-03.  Although a court may assume the contents of an incorporated document are true for the purposes of a motion to dismiss (unlike judicial notice), "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."  *Id.* at 1003 (citations omitted).

3

**ARGUMENT**

For the reasons explained below, Defendants' overuse of judicial notice and incorporation by reference is improper. To the extent the Court is inclined to judicially notice certain exhibits or have them incorporated by reference, it cannot assume the truth of any disputed facts.

### I. Defendants' Request for Judicial Notice and Incorporation By Reference Should Be Denied to the Extent It Seeks to Notice the Truth of the Exhibits' Contents and Disputed Facts

Defendants claim that most of the exhibits (1-10) should be incorporated by reference because they, or information contained in them, are mentioned in the Complaint. RJN at 3. Even if the Court is inclined to incorporate any of these exhibits by reference, it cannot assume the truth of any disputed fact. *DocuSign*, 2023 WL 3000583, at *10 ("Although I may assume the contents of these transcripts to be true, I will not to the extent that 'such assumptions only serve to dispute facts stated' in the [complaint].").

The Unity Defendants' overuse of such exhibits is particularly egregious in their "Factual Background" section, which relies heavily on their proffered exhibits to manufacture their preferred alternative narrative of the facts. *See* Motion to Dismiss at 2-5. This is improper and ignores the clear instructions provided by the Ninth Circuit in *Khoja*. *See, e.g.*, *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) ("[Defendant] is not explaining or arguing the allegations in [p]laintiffs' [complaint] – it is trying to factually rebut them. As *Khoja* makes clear, to grant the request for judicial notice would improperly convert this Rule 12(b)(6) motion into a motion for summary judgment under Rule 56."). Accordingly, the Court should reject Defendants' Request.

Defendants also request that the Court judicially notice the contents in Unity's SEC filings at Exs. 2, 5, 7, 9, 11-13. Lead Plaintiffs do not object to the use of these documents that are among those that courts typically deem appropriate to judicially notice. However, to the extent that these SEC filings are found to be subject to judicial notice, they "should be considered only for the purpose of determining what statements the documents contain, not to prove the truth of the documents' contents." *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005) (citation and

4

quotations omitted); *see also, e.g.*, *In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019) (granting request for judicial notice of SEC filings only to the extent the filings "contained certain disclosures" and denying request all other respects); *Shapiro v. Hasbro, Inc.*, 2016 WL 9176559, at *4 n.10 (C.D. Cal. Aug. 23, 2016) (taking judicial notice of SEC filings to show that a statement was made, but not for the truth of the statement).

In other words, the exhibits Defendants seek judicial notice of (Exs. 2, 5, 7, 9, 11-13) may only be considered for the purpose of determining what was said without prejudice to plaintiff's ability to contest the accuracy of those statements. *DocuSign*, 2023 WL 3000583, at *10 ("I will only take notice of facts within these documents that show what representations DocuSign made to the market. I will not consider them for the truth of any of the facts asserted.").

### A. The Court Should Not Consider Exhibits Used to Factually Dispute the Falsity of the Statements Regarding the Strength of Unity's Platform and Products

Despite the Ninth Circuit's clear instructions in *Khoja*, the Unity Defendants request that the Court consider extraneous documents for their truth and to resolve factual disputes in Defendants' favor. For example, the Unity Defendants use numerous exhibits, including Exhibits 2, 5, and 7, to submit purported "facts" regarding Unity's "financial results" to argue that Defendants' statements—related to the strength of the Company's platform and product—were not false because Unity's Operate segment revenue "grew throughout 2021." Motion to Dismiss at 11.

While Lead Plaintiffs do not challenge Unity's reported financial results (Exs. 1-8), Lead Plaintiffs dispute any factual inferences Defendants ask this Court to draw from those financial results. *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 129 F. Supp. 3d 1012, 1021–22 (D. Or. 2015) ("[I]t is clear that Plaintiff disputes the inferences that Defendants ask this Court to draw based on those documents."). Indeed, as discussed in Lead Plaintiffs' Omnibus Brief in Opposition to Defendants' Motions to Dismiss (at 8-9, 30), Defendants knew or recklessly disregarded a drastic slowdown in revenue growth within the Operate segment starting as early as July 2021, when quarter-over-quarter revenue growth in Operate went from 25% to 1% (¶¶237-39). This significant slowdown continued throughout the rest of the Class Period, and when Defendants started to see such an abrupt slowdown

5

in advertiser spending in mid-2021, they knew or recklessly disregarded the severity of the Audience Pinpointer issues at that time (¶183).

In short, the Unity Defendants raise factual issues on these topics that cannot be resolved at this stage, before discovery, without converting the Unity Defendants' Motion to Dismiss into one for summary judgment.

**B.     The Court Should Not Consider Exhibits Used to Factually Dispute the Complaint's Allegations of Scienter**

The Unity Defendants also submit certain documents with the Request to factually dispute the Complaint's allegations of scienter.  For example, the Unity Defendants submit Exhibit 8 to factually dispute Lead Plaintiffs' allegation that Unity's sudden decline in quarter-over-quarter revenue growth within the Company's Operate segment shows evidence of scienter.  Motion to Dismiss at 22-23. Again, Defendants argue that these exhibits show that Unity's Operate segment experienced growth during the Class Period.  This argument fails for the same reasons explained above.

Separately, the Unity Defendants submit Exhibits 11-13 to factually dispute the Complaint's allegations regarding Defendants Riccitiello's and Lestiyo's insider sales during the Class Period. Specifically, the Unity Defendants use Exhibit 14—Unity's Schedule 14A as filed with the SEC on April 28, 2021—to factually dispute the number of Unity shares beneficially owned by each Defendant as of April 5, 2021.  Hill Decl. at ¶¶10, 12-16.  In turn, Defendants' purported "facts" improperly attempt to increase the number of shares beneficially held by Defendants Riccitiello and Lestiyo in order to reduce their respective percentage of shares sold during the Class Period.  *Id.* at ¶13 ("the total number of shares sold was divided by the 8,563,799 shares beneficially owned by Defendant Riccitiello as of April 5, 2021 (Ex. 9 at 18-19), which is approximately 21%"), *id.* at ¶15 ("the total number of shares sold was divided by the 340,271 shares beneficially owned by Defendant Lestiyo as of April 5, 2021 (Ex. 9 at 18-19), which is approximately 31%.").  In doing so, the Unity Defendants ignore that their own exhibits support the Complaint's allegations.

**Exhibit 11** provides copies of Defendant Riccitiello's Forms 4 filed with the SEC reflecting his stock sales during the Class Period.  The first Form 4 within this exhibit that represents

6

Riccitiello's first stock sale during Class Period, dated June 1, 2021, shows that he beneficially owned 4,811,024 Unity shares prior to this sale.  Ex. 11, Hill Decl., at 2 (4,766,824 securities beneficially owned following reported transaction(s), plus the 44,200 securities disposed of).  This aligns with Lead Plaintiffs' analysis, which provided that Riccitiello sold approximately 38% of the total shares, including options, he had available for sale during the Class Period (¶254).

**Exhibit 12** provides copies of Defendant Lestiyo's Forms 4 filed with the SEC reflecting her stock sales during the Class Period.  The first Form 4 within this exhibit that represents Lestiyo's first stock sale during the Class Period, dated September 16, 2021, shows that she beneficially owned 212,144 Unity shares prior to this sale.  Ex. 12, Hill Decl., at 3 (131,744 securities beneficially owned following reported transaction(s), subtracted by the 28,000 securities acquired, plus the 108,400 securities held indirectly by a trust).  This aligns with Lead Plaintiffs' analysis, which provided that Lestiyo sold approximately 34% of the total shares, including options, she had available for sale during the Class Period (¶255).

As explained above, the Unity Defendants submission of certain documents with the Request to factually dispute the Complaint's allegations is improper.  While the Court may take judicial notice of what was filed with the SEC and on what date, it cannot consider these exhibits for their truth -- to contest Lead Plaintiffs' allegations that Riccitiello and Lestiyo sold approximately 38% and 34% of the total shares, including options, they had available for sale during the Class Period, respectively.

## CONCLUSION

For the forgoing reasons, Lead Plaintiffs respectfully request that the Court deny the Unity Defendants' Request, except for the limited purpose set forth herein.

LEAD PLAINTIFFS' OPPOSITION TO UNITY DEFENDANTS' REQUEST FOR
CONSIDERATION AND JUDICIAL NOTICE
CASE NO. 5:22-CV-03962-EJD

Dated: July 1, 2024

**LABATON KELLER SUCHAROW LLP**

*/s/ Christine M. Fox*
Carol C. Villegas (*pro hac vice*)
Christine M. Fox *(pro hac vice)*
James M. Fee *(pro hac vice)*
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaon.com
cfox@labaton.com
jfee@labaton.com

*Lead Counsel for Lead Plaintiffs Oklahoma Firefighters Pension and Retirement System and Indiana Public Retirement System and the Proposed Class*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Reed R. Kathrein (Bar. No. 139304)
Lucas E. Gilmore (Bar No. 250893)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Liaison Counsel for the Class*

LEAD PLAINTIFFS' OPPOSITION TO UNITY DEFENDANTS' REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE
CASE NO. 5:22-CV-03962-EJD