STEPHEN P. BLAKE (SBN 260069)
sblake@stblaw.com
LAURA K. LIN (SBN 281542)
laura.lin@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

*Attorneys for Defendant Silver Lake Group, L.L.C.*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE UNITY SOFTWARE INC. SECURITIES LITIGATION | Case No. 5:22-cv-03962-EJD |
| | **SILVER LAKE'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |
| | Date: September 12, 2024 |
| | Time: 9:00 a.m. |
| | Judge: Hon. Edward J. Davila |
| | Dept.: Courtroom 4 – 5th Floor |
| | Second Amended Complaint Filed: April 12, 2024 |
| | Trial Date: None yet set |

# TABLE OF CONTENTS

**Page(s)**

I.      INTRODUCTION ............................................................................................................... 1

II.     ARGUMENT ..................................................................................................................... 2

A.      Plaintiffs Fail To Plead A Primary Violation.................................................................... 2

B.      Silver Lake's Minority Stake In Unity And Appointment Of A Single Board Seat Do Not Suffice To Plead Control .............................................................................................. 2

      1.      Plaintiffs' Attempts at Distinguishing Silver Lake's Cited Cases Fail ................... 3

      2.      Plaintiffs Ignore Factually Analogous Cases Supporting Dismissal....................... 5

      3.      Plaintiffs' New Cited Cases are Inapposite........................................................... 6

C.      Mr. Durban's Signature On Financial Statements Does Not Establish Silver Lake's Actual Power Or Control .................................................................................................... 7

D.      Plaintiffs Concede Other Indicia of Control Are Absent From the Allegations Against Silver Lake ...................................................................................................................... 10

III.    CONCLUSION ................................................................................................................ 10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baker v. SeaWorld Enterprise Inc.*,
    423 F. Supp. 3d 878 (S.D. Cal. 2019) ...................................................................... 6

*Bao v. SolarCity Corp.*,
    2015 WL 1906105 (N.D. Cal. Apr. 27, 2015) ............................................. 2, 3, 4, 7

*Fouad v. Isilon Sys., Inc.*,
    2008 WL 5412397 (W.D. Wash. Dec. 29, 2008)................................................... 2, 5

*Golub v. Gigamon Inc.*,
    372 F. Supp. 3d 1033 (N.D. Cal. 2019) ................................................................ 1, 2

*Hayley v. Parker*,
    2002 WL 925322 (C.D. Cal. Mar. 15, 2002) ............................................................ 9

*In re Allstate Life Insurance Company Litigation*,
    2013 WL 789106 (D. Ariz. Mar. 1, 2013) ............................................................ 6, 7

*In re Am. Apparel., Inc. S'holder Litig.*,
    2013 WL 10914316 (C.D. Cal. Aug. 8, 2013)........................................................... 9

*In re Amgen Inc. Sec. Litig.*,
    544 F. Supp. 2d 1009 (C.D. Cal. 2008)................................................................. 7, 8

*In re Bioscrip, Inc. Sec. Litig.*,
    95 F. Supp. 3d 711 (S.D.N.Y. 2015)......................................................................... 2

*In re Gupta Corp. Sec. Litig.*,
    900 F. Supp. 1217 (N.D. Cal. 1994) ..................................................................... 2, 4

*In re Splash Tech. Holdings, Inc. Sec. Litig.*,
    2000 WL 1727405 (N.D. Cal. Sept. 29, 2000) ................................................. 2, 4, 8

*In re UTStarcom, Inc. Sec. Litig.*,
    617 F. Supp. 2d 964 (N.D. Cal. 2009) ..................................................................... 9

*In re Virtus Inv. Partners, Inc. Sec. Litig.*,
    195 F. Supp. 3d 528 (S.D.N.Y. 2016)....................................................................... 7

*In re Weight Watchers Int'l Inc. Sec. Litig.*,
    504 F. Supp. 3d 224 (S.D.N.Y. 2020)....................................................................... 8

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*,
    96 F.3d 1151 (9th Cir. 1996).................................................................................... 3

*Rosenfeld v. U.S. Dept. of Justice*,
    903 F. Supp.2d 859 (N.D. Cal. 2012) .................................................................... 10

*Shankar v. Zymergen Inc.*,

SILVER LAKE'S REPLY ISO MOT. TO DISMISS                    CASE NO. 5:22-CV-03962-EJD

2022 WL 17259057 (N.D. Cal. Nov. 29, 2022)........................................................................ 10

*Shepherd v. S3 Partners, LLC,*
2011 WL 4831194 (N.D. Cal. Oct. 12, 2011)..................................................................... 6, 7

*Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.,*
690 F. Supp. 2d 959 (D. Ariz. 2010)................................................................................. 7, 8

*Thomas v. Magnachip Semiconductor Corporation,*
167 F. Supp. 3d 1029 (N.D. Cal. 2016) ............................................................................ 8, 9

*Webb v. Solarcity Corp.*, 884 F.3d 844, 858 (9th Cir. 2018) ...................................................... 1, 2

*Welgus v. TriNet Grp., Inc.,*
2017 WL 167708 (N.D. Cal. Jan. 17, 2017) .................................................................. 2, 5, 8

-iii-

## I.    INTRODUCTION[1]

Plaintiffs' Opposition ("Opp.") demonstrates that they have again failed to plead a Section 20(a) claim against Silver Lake.  Plaintiffs implicitly concede that they have only pleaded three potentially germane facts: (i) Silver Lake was a minority shareholder in Unity (alleged to have held at most a 14.6% stake during the Class Period); (ii) Silver Lake designated a single director on Unity's Board of eight to ten members prior to the Class Period; and (iii) this individual director, Mr. Egon Durban—not Silver Lake—signed Unity's 2021 Form 10-K.  Opp. at 41-42.  Yet, none of these facts—alone or in combination—satisfies Plaintiffs' obligation to plausibly allege that Silver Lake "exercised actual power or control" over Unity's "management and policies" or its "day-to-day affairs." *Webb v. Solarcity Corp.*, 884 F.3d 844, 858 (9th Cir. 2018) (citation omitted) (requiring that a Section 20(a) defendant "exercise[] actual power or control" over a primary violator); *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1052-53 (N.D. Cal. 2019) (citation omitted) ("In the Ninth Circuit, to exercise control over a primary violator, a Section 20(a) defendant must control 'management and policies' of the company or 'direct its day-to-day affairs.'"), *aff'd*, 994 F.3d 1102 (9th Cir. 2021), and *aff'd*, 847 F. App'x 368 (9th Cir. 2021).

Plaintiffs cannot hide behind the platitude that control is an "intensely factual question." Opp. at 43.  Courts routinely dismiss Section 20(a) claims where plaintiffs fail to allege facts indicative of actual power or control. *See infra* at 3.  Allegations that suffice to raise a "question" of control—as Plaintiffs' own cited cases demonstrate—involve far larger stockholdings; greater involvement in the company's day-to-day affairs; and/or specific allegations of involvement in, or control over, the preparation and release of allegedly false or misleading statements.  No such facts are alleged here.

For these reasons, and for the reasons stated in the Unity Defendants' papers, Plaintiffs' claim against Silver Lake should be dismissed.

---

[1]  Unless otherwise defined herein, all capitalized terms used in Silver Lake's Reply in Support of its Motion to Dismiss will have the meanings given to such terms in the Second Amended Complaint and/or Plaintiffs' Opposition.

SILVER LAKE'S REPLY ISO MOT. TO DISMISS                              CASE NO. 5:22-CV-03962-EJD

## II.    ARGUMENT

### A.    Plaintiffs Fail To Plead A Primary Violation

For the reasons set forth in the Unity Defendants' Motion to Dismiss and Reply, Plaintiffs have failed to plead a primary violation of the securities laws.  Thus, Plaintiffs' control person claim under Section 20(a) fails in the first instance.  *See Webb*, 884 F.3d at 858.

### B.    Silver Lake's Minority Stake In Unity And Appointment Of A Single Board Seat Do Not Suffice To Plead Control

Plaintiffs' control claim additionally fails as Plaintiffs cite no cases, nor could they, supporting the proposition that Silver Lake's 11.8% to 14.6% holdings of Unity's stock and appointment of only one of eight to ten directors suffice to plead a cognizable allegation of control. The case law, as explained in Silver Lake's Motion to Dismiss ("Mot." or "Motion") and unrebutted in Plaintiffs' Opposition, shows the opposite is true.  *See* Mot. at 6 (citing *In re Gupta Corp. Sec. Litig.*, 900 F. Supp. 1217, 1243 (N.D. Cal. 1994)) (granting motion to dismiss because a "position as a minority shareholder . . . with an agent on the board does not establish control person liability"); *Welgus v. TriNet Grp., Inc.*, 2017 WL 167708, at *13 (N.D. Cal. Jan. 17, 2017) (granting motion to dismiss control person claim against private equity firm that appointed two representatives to the board); *Fouad v. Isilon Sys., Inc.*, 2008 WL 5412397, at *13 (W.D. Wash. Dec. 29, 2008) ("Courts in this Circuit have held that a defendant's status as minority shareholder is insufficient [at the motion to dismiss stage] to establish control person liability, even when combined with the power to appoint directors.") (collecting cases); *Bao v. SolarCity Corp.*, 2015 WL 1906105, at *5 (N.D. Cal. Apr. 27, 2015) (granting motion to dismiss because allegations of 30% equity interest against board Chairman were "too conclusory to establish . . . liability as a control person"); *In re Splash Tech. Holdings, Inc. Sec. Litig.*, 2000 WL 1727405, at *16 (N.D. Cal. Sept. 29, 2000) (granting motion to dismiss and holding that a 20% stake was insufficient to establish control); *Golub*, 372 F. Supp. 3d at 1053 (15.3% stake insufficient to establish control at motion to dismiss stage); *see also In re Bioscrip, Inc. Sec. Litig.*, 95 F. Supp. 3d 711, 740-42 (S.D.N.Y. 2015) (granting motion to dismiss control person claim against 26% shareholder who

-2-

had a right to designate two of eight directors, finding "that alone does not rise to the level of actual control").

### 1.     Plaintiffs' Attempts at Distinguishing Silver Lake's Cited Cases Fail

In arguing that the "Court should find that the Private Equity Defendants' individual holdings and board seats sufficiently support a claim for control under Section 20(a)," Plaintiffs try to summarily distinguish four cases cited by Defendants. *See* Opp. at 42-43. Plaintiffs ignore the import of these holdings, which clearly support dismissal of the Section 20(a) claim against Silver Lake.

First, Plaintiffs attempt to minimize *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151 (9th Cir. 1996)), by arguing that it was a decision at summary judgment. Opp. at 42.[2] But, Silver Lake does not cite *Paracor* for any findings of fact that may carry more weight at the summary judgment stage. *Paracor* is cited as supporting precedent for the ***legal standard*** in this circuit that control for Section 20(a) purposes requires "control over the 'management and policies'" of the relevant company or "direct[ion of] its day-to-day affairs" at both the motion to dismiss and summary judgment stage. Mot. at 5.

Second, Plaintiffs attempt to distinguish *Bao*, which granted a motion to dismiss on a Section 20(a) claim and held that allegations of 30% equity interest against a board Chairman were "too conclusory to establish . . . liability as a control person" even at the motion to dismiss stage. *Bao*, 2015 WL 1906105, at *5. Plaintiffs respond that this case involved only "a single individual, unlike Sequoia or Silver Lake" and lacked "factual allegations as to his decision-making powers." Opp. at 42. Plaintiffs' critique is nonsensical: the significance of *Bao* is that cursory allegations involving stockholdings (there, 30%), a position on the board (there, the chairman), and the Section 20(a) defendant's signature on financial statements containing allegedly false or misleading statements are insufficient to plausibly allege participation in day-to-day oversight or decision

---

[2] A few sentences earlier, Plaintiffs imply that decisions at the summary judgment stage should be given greater weight. *Id.* at 42 ("[A]s courts in this Circuit routinely find that, even at summary judgment, minority stock ownership combined with presence on the board of directors suffices to allege control."). Plaintiffs cannot have it both ways, and the Court should give the legal standard set forth in *Paracor*, *i.e.*, that a controller must "exercise control over the 'management and policies'" of a company, its proper weight. 96 F.3d at 1163.

making powers. *Bao*, 2015 WL 1906105, at *5. This holding is directly relevant to Plaintiffs' claims, as Plaintiffs rely on the very same three alleged facts of a much lesser magnitude (only 14.6% maximum holdings by Silver Lake, an appointed seat—but not the chairman role—on the Board, and Mr. Durban's signature on SEC filings in his capacity as a Unity director—not on behalf of Silver Lake) that the court in *Bao* found insufficient to plead a Section 20(a) claim at the motion to dismiss stage.

Third, Plaintiffs argue that *Gupta* is irrelevant here because the *Gupta* plaintiffs "failed to plead any specific circumstances or instances indicative of control." Opp. at 42. But that is exactly the circumstances here. The *Gupta* court granted a motion to dismiss concluding in relevant part, that the defendant's "position as a minority shareholder . . . with an agent on the board does not establish control person liability." 900 F. Supp. at 1243. The plaintiffs in *Gupta* generally alleged— and the court found insufficient—that the Section 20(a) defendants there "controlled the contents of Gupta's financial reports and press releases, and [] could have prevented the issuance of false statements." *Id.* The court also noted plaintiffs' allegations that one Section 20(a) defendant owned a minority share of the company and had "an agent on the board." *Id.* Plaintiffs' discussion of *Gupta*, therefore, betrays itself, and the Court should find that *Gupta* supports Silver Lake's arguments for dismissal.

Fourth, Plaintiffs attempt to minimize *Splash* as a case that stands "merely for the proposition . . . that a party with a minority share of the company does not, by virtue of that fact alone," control the company. Opp. at 43.[3] Plaintiffs' description is inaccurate. The *Splash* court held that allegations that a company, Radius, held 20% of Splash *and had its CEO on Splash's Board* were insufficient to plead Radius's control over Splash at the motion to dismiss stage even where the majority of Splash's officers were former employees of Radius. 2000 WL 1727405, at *16. The

---

[3] Plaintiffs also cite *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 308 F. Supp. 2d 249 (S.D.N.Y. 2004) for the same proposition. Silver Lake did not cite *Flag Telecom* in its Motion, but the court's holding there similarly cannot be viewed as only that "a minority share of the company does not, by virtue of that fact alone, possess 'control' over that company," as Plaintiffs contend. Opp. at 42. The dismissed Section 20(a) defendant in *Flag Telecom* also allegedly "selected three of the nine members of Flag's Board of Directors" and an analyst allegedly stated that "key strategic decisions are approved by both [the defendant] and *Flag*." 308 F. Supp. 2d at 273.

-4-

similarities between the instant case and *Splash* are readily apparent, and support dismissal of Silver Lake.

### 2. Plaintiffs Ignore Factually Analogous Cases Supporting Dismissal

Tellingly, Plaintiffs' Opposition entirely fails to address two of the Section 20(a) cases cited in support of Silver Lake's Motion. Mot. at 6-7 (citing *Welgus*, 2017 WL 167708, at \*13 and *Fouad*, 2008 WL 5412397, at \*13). Both cases clearly establish that a minority stake in a company, even when combined with a Board seat, ***is not*** sufficient to plead a control person claim under Section 20(a). Mot. at 6-7.

First, in *Welgus*, the court granted a ***majority*** shareholder's motion to dismiss the plaintiff's Section 20(a) claim after holding that allegations of the defendant's "control over two members of the board of Directors" and its role in the "approval" of the various reports that contained the alleged misstatements and omissions were not "factual allegations regarding [the defendant's] authority to exercise decision-making power, nor allegations of its day-to-day involvement in the operation of the Company." 2017 WL 167708, at \*13. The court also found the plaintiff's general allegations that the shareholder "exercised control over the Company through its two [board] representatives" to be "speculation" due to the lack of "any facts to show that [the defendant] actually had the power to and did control [the company's] activities or direct how [shareholder's board affiliates] controlled those activities." *Id.* The court expressly acknowledged the "intensely factual" nature of an inquiry into a claim under Section 20(a), yet nonetheless found these cursory allegations deficient even at the motion to dismiss phase. *Id.* at \*12. Notably, the defendants in *Welgus* were alleged to have twice as many directors on the relevant company's board, and a ***majority*** of outstanding shares, 2017 WL 167708, at \*13, underscoring the deficiencies in Plaintiffs' allegations against Silver Lake here.

Likewise, in *Fouad*, the plaintiffs attempted to "group" separate investors together to allege that each controlled Isilon Systems, Inc. ("Isilon") by virtue of their combined holdings and the fact that they each had representatives on the Isilon board. 2008 WL 5412397, at \*13. The court rejected this argument citing a lack of "additional allegations that the venture capital firms acted together to control Isilon." *Id.* The court then went on to grant the venture capitalists' motion to

-5-

dismiss because "a defendant's status as minority shareholder is insufficient to establish control person liability, even when combined with the power to appoint directors." *Id.*

Plaintiffs' claims against Silver Lake are strikingly similar to the dismissed claims in both *Welgus* and *Fouad*.  In both cases the defendants had larger stakes in a company, and in *Welgus* a majority stake, and the ability to appoint directors to each board.  As these cases show, allegations of a mere minority stake in a company and presence on a company's board are not sufficient to survive a motion to dismiss.  Mot. at 6-7.

### 3.   Plaintiffs' New Cited Cases are Inapposite

Plaintiffs cite to just three new cases in support of their claim that "courts in this Circuit routinely find that . . . minority stock ownership combined with presence on the board of directors suffices to allege control."  Opp. at 39-40.  None support this broad-brush assertion, and all three are factually inapposite here.

First, in *Baker v. SeaWorld Enterprise Inc.*, 423 F. Supp. 3d 878 (S.D. Cal. 2019), the Section 20(a) defendant appointed three board members and owned as much as 42.8% of the company at issue.  This is ***three times*** the number of directors and ***almost three times*** as large an equity stake as Silver Lake is alleged to have held in the Class Period.  *Id.* at 946; *see supra*, at 1.

Second, in *Shepherd v. S3 Partners, LLC*, the three Section 20(a) defendants were the founders and three ***primary owners and operators*** of the company.  2011 WL 4831194 at *1, *5 (N.D. Cal. Oct. 12, 2011).  The court found that each defendant was a founder and "principal[] and primary decision-maker[] for S3," and at least one defendant continued to own "one third of S3."  *Id.* at *5.  In other words, *S3* is not a case that denies summary judgment "based on one third ownership," Opp. at 40, but instead dealt with a factual control claim against defendants who exercised actual control as "primary decision-makers" of the company at issue, *S3,* 2011 WL 4831194 at *5.

Finally, as to *In re Allstate Life Insurance Company Litigation*, Plaintiffs ignore that the Section 20(a) defendant there was the "chairman" of the company and was "obligated" under the company's bylaws to "supervise and control all of the business and affairs of the corporation and the performance by all of its other officers."  2013 WL 789106, at *4 (D. Ariz. Mar. 1, 2013).  The

-6-

specific facts of *Allstate* stand in stark contrast to *Bao*, cited by Silver Lake, and the instant case. In *Bao*, as here, there are no "factual allegations respecting [Section 20(a) defendant's] power to exercise decision-making power, nor allegations of [Section 20(a) defendant's] involvement in the day-to-day operation of the defendant entity." *Bao*, 2015 WL 1906105, at *5.

In all, Plaintiffs' allegations **in this case** have little in common with the three cases Plaintiffs cite in support of their argument. Silver Lake's investment in Unity is **two to three times smaller** than the defendants' investments in *Baker* and *S3*. 423 F. Supp. 3d at 946; 2011 WL 4831194, at *5. Silver Lake also is not alleged to have any control over the day-to-day activities of Unity, in stark contrast to the defendants in *S3* (each Section 20(a) defendant alleged to be a primary decision-maker), and *Allstate* (defendant obligated to supervise and control the entire business under the company's bylaws). 2011 WL 4831194, at *5; 2013 WL 789106, at *4. Plaintiffs' cited cases therefore do not move the needle, and their Section 20(a) claim against Silver Lake should be dismissed.

### C.   Mr. Durban's Signature On Financial Statements Does Not Establish Silver Lake's Actual Power Or Control

Plaintiffs next argue that "directors who signed financial statements . . . 'control'" those financial statements. Opp. at 41. Yet, Plaintiffs offer no plausible basis to conclude that **Mr. Durban's** signature on Unity's 2021 Form 10-K establishes a colorable claim that **Silver Lake** exercised actual power or control over Unity.

Plaintiffs rely heavily—and inexplicably—on cases brought against director defendants in their capacities as directors, not against third-party investor funds. *See* Opp. at 41. These cases say nothing about the allegations necessary to state a claim against a third-party investor entity that did not sign documents with allegedly false statements. *See In re Virtus Inv. Partners, Inc. Sec. Litig.*, 195 F. Supp. 3d 528, 543 (S.D.N.Y. 2016) (bringing Section 20(a) claims only against individuals); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1037 (C.D. Cal. 2008) (same); *Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 690 F. Supp. 2d 959, 974-76 (D. Ariz. 2010) (discussing Section 20(a) claims against individuals). The facts of these cases are also readily distinguishable from Plaintiffs' allegations. *See Virtus*, 195 F. Supp. 3d at 543

-7-

(individuals allegedly served "as a spokesperson" for the company and directed the company's affairs); *Amgen*, 544 F. Supp. 2d at 1037 (defendants personally drafted and prepared at-issue statements); *Apollo*, 690 F. Supp. 2d at 978 (*dismissing* claim against outside director when complaint did not allege any "involvement [by the defendant] in [the company's] day-to-day activities" or the defendant's "responsibilities as an outside Apollo director").

Plaintiffs also rely on *In re Weight Watchers Int'l Inc. Sec. Litig.*, 504 F. Supp. 3d 224 (S.D.N.Y. 2020), but appear to misunderstand its holding. *See* Opp. at 41. The *Weight Watchers* court found a claim stated only against individual directors—and dismissed the Section 20(a) claim against the third-party shareholder entity that appointed one of them to the board. It held that "[the director appointee's] signature on the registration statement and other SEC filings d[id] not equate to [the shareholder entity] signing the documents," and dismissed the shareholder entity for this reason, as well as the facts that it (i) did not have a majority of voting power or the ability to appoint a majority of directors, and (ii) was "unclear to what extent" the defendant had control over day-to-day business or SEC filings. *Weight Watchers*, 504 F. Supp. 3d at 263-64. The same rationale should apply here where Mr. Durban signed Unity's 2021 Form 10-K; Silver Lake is alleged to have a small minority of Unity's outstanding shares; Silver Lake is not alleged to have authority to appoint a majority of the Unity Board; and there are no allegations as to Silver Lake's control over Unity's day-to-day business or the preparation of its SEC filings.

*Weight Watchers* is not an outlier. Other courts, too, have dismissed cases like this one against third-party investors whose director-appointees signed SEC filings allegedly containing false or misleading statements. Mot. at 7 (citing *Welgus*, 2017 WL 167708, at *13 (dismissing claim against third-party investor where appointed directors signed allegedly false financial statements); *Splash Tech.*, 2000 WL 1727405, at *16 (same)). Plaintiffs fail to respond to *Welgus* at all, as discussed *supra*, at 5, and fail to distinguish *Splash Tech.*, as discussed *supra*, at 4-5.

Plaintiffs also cite a handful of cases that involve shareholder entity defendants, rather than individuals. But each contains control allegations that are not present here. For example, Plaintiffs argue that *Thomas v. Magnachip Semiconductor Corporation*, 167 F. Supp. 3d 1029 (N.D. Cal. 2016) held that the "shareholder board designees singing [sic] of documents containing false

-8-

statement[s] contributed to [its] finding of control." Opp. at 41. This is incorrect. That was the plaintiff's argument as summarized by the court. *Magnachip*, 167 F. Supp. 3d at 1048. The court's holding was premised on facts that included that the defendant in *Magnachip* was a ***majority shareholder*** at the beginning of the class period, its appointees constituted a majority of the company's board, and statements in Magnachip's public filings that the defendant "will continue to have significant influence over [the company's] affairs for the foreseeable future" and "'will be able to control most matters requiring stockholder approval.'" *Id.* at 1048-49. In other words, Plaintiffs' allegations are significantly weaker here where Silver Lake is not alleged, by itself, to have significant influence over Unity's affairs into the future, is nowhere near a majority shareholder, and has only one affiliate on Unity's Board. By comparison, *Magnachip* supports dismissal.

Like *Magnachip*, Plaintiffs' other cases involving shareholder defendants also involve allegations of the shareholder defendants' control over the company that are absent from Plaintiffs' Second Amended Complaint. *See In re UTStarcom, Inc. Sec. Litig.*, 617 F. Supp. 2d 964, 979 (N.D. Cal. 2009) (defendant was company's "third largest customer and its largest shareholder"); *Hayley v. Parker*, 2002 WL 925322, at *10 (C.D. Cal. Mar. 15, 2002) (finding control allegations against entity defendant plausible only where the entity's CEO, CFO, and Chairman each initiated the allegedly false or misleading statements); *In re Am. Apparel., Inc. S'holder Litig.*, 2013 WL 10914316, at *3637 (C.D. Cal. Aug. 8, 2013) (finding control allegations against entity defendant plausible only where entity appointed two board seats; had a "significant lending relationship" with company; and company CEO allegedly agreed that defendant entity was "going to be involved in 'management decisions as far as strategic issues'").

The dearth of analogous cases cited by Plaintiffs is telling. Again, Silver Lake is only alleged to have held ***at most*** a 14.6% stake in Unity and a single Board seat. It is not alleged to have drafted or helped prepare the statements that are allegedly false or misleading, nor is it alleged to have signed the statements. Therefore, the Section 20(a) claim against Silver Lake should be dismissed.

-9-

### D.    Plaintiffs Concede Other Indicia of Control Are Absent From the Allegations Against Silver Lake

Plaintiffs fail to address Silver Lake's other arguments, including that (i) Silver Lake did not have the power to appoint directors during the Class Period, Mot. at 4; (ii) the lack of any allegations as to any agreement evincing control, *id.* at 8; and (iii) the lack of a single well-pleaded fact showing Silver Lake's and Sequoia's purported ability to "influence" matters submitted to Unity's Board is based on anything more than a hypothetical risk factor, *id.* at 9.   Plaintiffs' Opposition also fails to highlight any allegations that show Silver Lake and the other Private Equity Defendants acted in concert to "control" Unity.  *Id.* at 6 ("Plaintiffs have failed to allege any facts suggesting that the three investor defendants (who are unaffiliated funds) acted as a control group.") (citing *Shankar v. Zymergen Inc.*, 2022 WL 17259057, at *3 (N.D. Cal. Nov. 29, 2022)). Plaintiffs' silence in opposition means these arguments should be accepted by the Court as unopposed.  *Rosenfeld v. U.S. Dept. of Justice*, 903 F. Supp.2d 859, 869 (N.D. Cal. 2012) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.").

### III.    CONCLUSION

Plaintiffs must allege sufficient facts to plausibly show that Silver Lake exercised actual power or control over the Unity Defendants.  Plaintiffs do not get a free pass by arguing that control is a factual question.  Plaintiffs have failed to meet their pleading burden and, accordingly, the Section 20(a) claim against Silver Lake should be dismissed.

Date: July 31, 2024                                                     Respectfully submitted,

                                                                                    */s/ Stephen P. Blake*
                                                                                    Stephen P. Blake (SBN 260069)
                                                                                    sblake@stblaw.com
                                                                                    Laura K. Lin (SBN 281542)
                                                                                    laura.lin@stblaw.com
                                                                                    SIMPSON THACHER & BARTLETT LLP
                                                                                    2475 Hanover Street
                                                                                    Palo Alto, CA 94304
                                                                                    Telephone: (650) 251-5000
                                                                                    Facsimile: (650) 251-5002

                                                                                    *Attorneys for Defendant Silver Lake Group, L.L.C.*

-10-