STEPHEN P. BLAKE (SBN 260069)
sblake@stblaw.com
LAURA K. LIN (SBN 281542)
laura.lin@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

*Attorneys for Defendant Silver Lake Group, L.L.C.*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE UNITY SOFTWARE INC. SECURITIES LITIGATION | Case No. 5:22-cv-03962-EJD |
| | **SILVER LAKE'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE AND TO CONSIDER INCORPORATED DOCUMENTS IN SUPPORT OF DEFENDANT SILVER LAKE'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |
| | Date: September 12, 2024 |
| | Time: 9:00 a.m. |
| | Judge: Hon. Edward J. Davila |
| | Dept.: Courtroom 4 – 5th Floor |
| | Second Amended Complaint Filed: April 12, 2024 |
| | Trial Date: None yet set |

**TABLE OF CONTENTS**

**Page(s)**

I.      INTRODUCTION ................................................................................................................ 1

II.     ARGUMENT ..................................................................................................................... 1

     A.     *Khoja's* Warnings Have No Relevance Here .......................................................... 1

     B.     Exhibits A Through D Are Incorporated By Reference And Each Cited Fact May Be Assumed True ...................................................................................... 3

          1.     Exhibits A Through D are Incorporated by Reference ............................... 3

          2.     None of the Incorporated Exhibits and Facts Dispute Any of the Factual Allegations in the SAC ................................................................ 4

               a.     Silver Lake's Citations to Exhibits A Through C Do Not Contradict Plaintiffs' Allegations ..................................................... 5

               b.     Silver Lake's Citation to Exhibit D Does Not Contradict Plaintiffs' Allegations ....................................................................... 7

     C.     Exhibits A Through E And Their Cited Content Are Independently Subject to Judicial Notice ............................................................................................... 7

          1.     The Facts Cited with Support from Exhibits A and B are Subject to Judicial Notice .................................................................................... 8

          2.     The Facts Cited with Support from Exhibits C and E are Subject to Judicial Notice .................................................................................... 9

          3.     The Fact Cited with Support from Exhibit D is Subject to Judicial Notice ...................................................................................................... 10

III.    CONCLUSION ................................................................................................................ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Aspeon, Inc. Sec. Litig.*,
    168 F. App'x 836 (9th Cir. 2006) ........................................................................................ 6

*In re NVIDIA Corp. Sec. Litig.*,
    768 F.3d 1046 (9th Cir. 2014)......................................................................................... 3, 7

*In re Pixar Sec. Litig.*,
    450 F. Supp.2d 1096 (N.D. Cal. 2006) ............................................................................. 7

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018)................................................................................... passim

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
    540 F.3d 1049 (9th Cir. 2008)........................................................................................... 8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) .......................................................................................................... 6

*U.S. v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003)........................................................................................ 3, 4

*Weston v. DocuSign, Inc.*,
    2023 WL 3000583 (N.D. Cal. Apr. 18, 2023) ................................................................. 8

*Yamauchi v. Cotterman*,
    84 F. Supp. 3d 993 (N.D. Cal. 2015) ............................................................................... 8

**Statute**

Fed. R. Evid. 201(b)(2) ............................................................................................................. 8

-ii-

## I.    INTRODUCTION[1]

Plaintiffs' Opposition to Silver Lake's Request for Judicial Notice and to Consider Incorporated Documents in Support of Defendant Silver Lake's Motion to Dismiss ("RJN Opp." or "RJN Opposition")[2] rallies against "exploit[ative]" requests for judicial notice—but appears to do so in a vacuum.  None of the arguments Plaintiffs raise apply to the actual documents at issue, which are five of Unity's public filings with the SEC.  Such documents are routinely noticed by courts, particularly where, as here, (a) the documents are cited repeatedly within Plaintiffs' own allegations and the contents do not serve to dispute well-pleaded facts in the Second Amended Complaint ("SAC"); and/or (b) the documents are public records and the facts Silver Lake cites within each are not subject to reasonable dispute.

Plaintiffs' real concern appears to be that the SEC filings at issue undercut Plaintiffs' conclusory allegations of control.  But documents may, of course, be judicially noticed to dispute conclusory assertions, as opposed to well-pleaded facts.  The SAC's apparent legal conclusions are not allegations of fact entitled to a presumption of truth, nor a sword that can be wielded to prevent judicial notice.  The SEC filings do not contradict any *facts* pled in the SAC.  Accordingly, the Court should grant Silver Lake's request for judicial notice.

## II.    ARGUMENT

### A.    *Khoja's* Warnings Have No Relevance Here

Plaintiffs' RJN Opposition draws much of its rhetoric from *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), but Plaintiffs ignore that the warnings in that case do not apply to Silver Lake's RJN.  *Khoja* cautioned against "overuse" of judicial notice and the incorporation by reference doctrine—but nowhere does it suggest that asking for incorporation by reference for, and judicial notice of, public SEC filings, as Silver Lake requests here, is improper to put *undisputed* facts before the Court.  Plaintiffs' charges (RJN Opp. at 2) of Silver Lake's

---

[1] Unless otherwise defined herein, all capitalized terms used in Silver Lake's Reply in Support of its Request for Judicial Notice and to Consider Incorporated Documents in Support of Defendant Silver Lake's Motion to Dismiss the SAC will have the meanings given to such terms in the SAC and/or Defendant Silver Lake's Motion to Dismiss the SAC (Dkt. No. 132).

[2] Dkt. No. 132-1 ("RJN").

"abuse" of the incorporation by reference and judicial notice doctrines under *Khoja* are as inaccurate as they are inappropriate.

In *Khoja*, the Ninth Circuit considered requests for judicial notice and for the court to utilize the incorporation by reference doctrine for a wide assortment of different documents—including not only SEC filings, but also multiple blog posts, news articles, investor analyst reports, a conference call transcript, federal reports, and a patent application—and found many of them appropriate, including with respect to at least one SEC filing. *Id*. *Khoja* refused to incorporate others by reference, however, including documents where "[r]easonable people could debate what exactly [the document] disclosed." *Id*. at 1000. The incorporation by reference doctrine could not be used, the Court held, to put *debatable facts* into the record in an attempt "to short-circuit the resolution of a well-pleaded claim." *Id*. at 1003.

Of particular note, *Khoja* found incorporating SEC filings into a complaint appropriate except where the Defendants sought to use an SEC filing to establish a question of industry norms. *See id*. at 1006. The defendants attempted to use an SEC filing to "ask[] the district court to conclude that the alleged financial incentives [provided to executives] were routine." *Id.* This type of fact finding, *Khoja* held, "went beyond testing the sufficiency of the claims and into the realm of factual disputes."[3] *Id*. With respect to an SEC filing quoted at length in the complaint that related to the number of shares at issue, and the price of those shares, *Khoja* found incorporation by reference appropriate. *Id*.

Silver Lake's request for judicial notice and for the Court to consider each Exhibit incorporated by reference is clearly allowed under *Khoja*. Silver Lake does not ask for the Court to judicially notice or assume the truth of any fact that is not explicitly stated in each Exhibit. Nor does Silver Lake ask for any inferences arising from the facts cited with support from each Exhibit to "create[] a defense" to well-pled allegations; Silver Lake merely asks that the Court judicially notice facts that can be accurately and readily determined and are not subject to reasonable dispute, and to assume the truth of the facts within each incorporated document that do not contradict any

---

[3] Khoja found incorporating by reference another SEC filing improper where Defendants inadvertently submitted the wrong filing (one which had not been cited in the Complaint) to the court. *Id.* at 1005.

-2-

fact alleged in the Amended Complaint. *Id.* at 1002. The Ninth Circuit ruled that such a request is permissibly granted, and the Court should grant Silver Lake's request here. *Id.* at 1001-02 (judicially noticing fact within patent application that was undisputed and could be accurately and readily determined); *id.* at 1003 (holding facts within documents incorporated by reference should be assumed true as long as they do not dispute well-pleaded facts).

**B.     Exhibits A Through D Are Incorporated By Reference And Each Cited Fact May Be Assumed True**

Documents are incorporated by reference into a complaint where, as here, a plaintiff refers to the document extensively within the complaint and the document "forms the basis of the plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). While the term "extensively" ordinarily should "mean more than once," a single reference is sufficient if the complaint quotes the document at length and conveys "numerous facts." *Khoja*, 899 F.3d at 1003-04.

The incorporation by reference doctrine is "designed to prevent artful pleading by plaintiffs" through "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002-03. In addition, a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss" as long as "such assumptions [do not] only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003; *see also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the court—are free to refer to any of its contents.") (citations omitted).

**1.     Exhibits A Through D are Incorporated by Reference**

Plaintiffs do not dispute that Exhibits A through D are each cited multiple times in the SAC. *See* RJN at 3; *Khoja*, 899 F.3d at 1003 (interpreting the term "extensively" to mean at least "more than once" or for a single reference to be "relatively lengthy"). Exhibits A and B are both cited three times in the SAC to allege the number of shares owned by each of the three Private Equity Defendants at different periods in time. SAC ¶¶ 31(a)-(c) (referencing Exhibits A and B), 32(a)-(c) (same), 33(a)-(b) (same), 306(a)-(c) (referencing Exhibit A). Exhibit C is cited three

-3-

times throughout the SAC and block-quoted by Plaintiffs to show that Unity made certain statements in their public filings. *Id.* ¶¶ 40 (referencing Exhibit C), 251 n.49 (same), 305 (same). Exhibit D is cited throughout the SAC both to allege that the Private Equity Defendants' affiliates on the Unity Board signed Exhibit D, and to allege that Exhibit D contained misstatements or omissions. *Id.* ¶¶ 31 (referencing Exhibit D), 32 (same), 33 (same), 197-203 (alleging misstatements or omissions within Exhibit D), 307(a)-(c) (same).

Unsurprisingly, given the number of citations, Exhibits A through D also each "forms the basis of [Plaintiffs'] claims." *Ritchie*, 342 F.3d at 908. Plaintiffs allege that Silver Lake was a "controll[er]" of Unity "by virtue of their share ownership," because Exhibit C stated that "many of [Unity's] current directors were appointed by our principal stockholders[, and] [a]s a result such persons . . . acting together, will have the ability to control [Unity]," and because "the Board Member[] affiliated with [Silver Lake] reviewed and signed Unity's SEC filings including [Exhibit D]."[4] SAC ¶¶ 305, 307. To show that Silver Lake owned shares in Unity, Plaintiffs cite to stockholding percentages disclosed in Exhibits A and B. Likewise, Plaintiffs cite Exhibits C and D to support their claims because Plaintiffs allege that the contents of these documents specifically, as opposed to any outside facts, purportedly show that Silver Lake is a controller based on the statements or signatures within each. Therefore, each Exhibit is necessary and "forms the basis of" Plaintiffs' Section 20(a) claim against Silver Lake, and should be considered incorporated by reference. *Ritchie*, 342 F.3d at 908.

### 2. None of the Incorporated Exhibits and Facts Dispute Any of the Factual Allegations in the SAC

Plaintiffs identify no *factual* dispute between the SAC and Silver Lake's Exhibits. The SAC's allegation of control is a legal conclusion, not a fact, and is not exempt from dispute through incorporated documents like the SEC filings.

---

[4] Statements in Exhibit D are also alleged to be false or misleading and form the basis of Plaintiffs' Section 10(b) claim against the Company Defendants.

-4-

a.   Silver Lake's Citations to Exhibits A Through C Do Not Contradict Plaintiffs' Allegations

Silver Lake's Exhibits A, B, and C are entirely consistent with the facts (but not the legal conclusions) contained in the SAC regarding Silver Lake's ownership interest in Unity.  Indeed, the facts cited by Silver Lake within each Exhibit only serve to provide the Court with a more complete picture of Unity's shareholder base through documents that are already cited in the SAC to show Silver Lake's stake in Unity, and to prevent Plaintiffs "from selecting only portions of documents that support their claims."  *See* SAC ¶¶ 32(b)-(c) (alleging Silver Lake's percentage share of Unity as disclosed in Exhibits A and B but omitting share holdings of other large shareholders); *Khoja*, 899 F.3d at 1002-3 (allowing incorporation by reference to prevent "artful pleading").

Plaintiffs appear to protest that "the Silver Lake Defendants use Exhibits A and B to submit data related to Silver Lake's holdings in Unity stock during the Class Period relative to other Unity shareholders."  RJN Opp. at 5.  But Plaintiffs' argument stops meaningfully short of arguing that any statement in Silver Lake's Motion, here specifically that number of "[o]ther shareholders also held sizeable blocks of shares . . . ranging from 5.1% to 20.6% of Unity in the month prior to the commencement of the Class Period," Mot. at 3, is contradicted by any allegations in the SAC.  *Khoja*, 899 F.3d at 1003 (considering contents of documents incorporated by reference true as long as they do not "only serve to dispute facts stated in a well-pleaded complaint").

Silver Lake also cites Exhibits A through C to (i) provide the Court with the number of directors on Unity's Board during the Class Period, Mot. at 3 n.2 (citing Exhibits A and B), and (ii) to show the Court that Silver Lake did not have the power to appoint directors to Unity's Board during the Class Period, *id.* at 4 (citing Exhibit C).  Plaintiffs argue that Exhibits A, B, and C are used to "submit facts regarding the board composition at Unity and information from Unity's Registration statement [sic] that is not pled in the Complaint."  RJN Opp. at 5-6.

The closest Plaintiffs come to trying to identify a factual dispute is to say that Plaintiffs "do not necessarily challenge [] the number of directors on Unity's board during the Class Period." *Id.* at 6.  This argument is too cute by half.  The SAC is silent as to the number of directors on

-5-

Unity's board.  Asking the Court to consider an SEC filing that contains the number of directors incorporated by reference does not, therefore, contradict any facts in the SAC.  *Khoja*, 899 F.3d at 1003 (holding a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss" as long as "such assumptions [do not] only serve to dispute facts stated in a well-pleaded complaint").

Plaintiffs fail to state which purportedly improper "factual inferences" may be drawn from the list of Unity's directors during the relevant Class Period, or through Silver Lake's power (or lack thereof) to appoint members of Unity's board as explicitly stated in Exhibit C.  *See* Mot. at 3 n.2 (citing Exhibits A and B as including a list of Unity directors); *id.* at 3 (citing statement in Exhibit C that "none of [Unity's] stockholders w[ould] have any special rights regarding the election or designation of members of [Unity's] board of directors").  Gesturing vaguely toward the idea of an improper factual dispute is insufficient.  Silver Lake agrees that the SAC must be construed in the light most favorable to Plaintiffs, *In re Aspeon, Inc. Sec. Litig.*, 168 F. App'x 836, 838 (9th Cir. 2006), but this does not mean, as Plaintiffs suggest, that facts incorporated by reference should be ignored.  The Court must "consider the complaint in its entirety, as well as other sources. . . in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Finally, Silver Lake cites Exhibit C for the fact that a statement cited by Plaintiffs in the SAC regarding the Private Equity Defendants' ability to control Unity if they "choose to act together" is nothing more than a hypothetical risk factor with no allegations in support of any of the Private Equity Defendants ever working together.  Mot. at 9; SAC ¶¶ 40, 305. Plaintiffs do not contest this citation specifically, nor could they.  Silver Lake's citation does not contradict the allegation that the statement Plaintiffs cite in their SAC is stated in Exhibit C.  SAC ¶ 305 (quoting Exhibit C by stating "Referring to [the Private Equity Defendants] among others, the IPO Registration Statement stated: ". . . .").  Since this allegation is not contradicted by the facts expressed by Silver Lake through reference to Exhibit C in the Motion, the Court may assume the

-6-

truth of the statement cited by Silver Lake in Exhibit C.   *Khoja*, 899 F.3d at 1003; *see also In re NVIDIA*, 768 F.3d at 1058 n.10.[5]

                b.       <u>Silver Lake's Citation to Exhibit D Does Not Contradict Plaintiffs' Allegations</u>

Exhibit D is likewise entirely consistent with the factual allegations in the SAC.  Silver Lake cites Exhibit D in its Motion for the fact that Mr. Durban signed Unity's 2021 10-K on behalf of Unity and in the capacity indicated within the document, *i.e.*, as a Unity director.  Mot. at 4 (citing Exhibit D).  Plaintiffs argue that "[t]he Silver Lake Defendants use Exhibit D to introduce facts regarding Egon Durban's signature on Unity's 2021 Form 10-K," but do not argue how these facts contradict any facts alleged in the Amended Complaint.  RJN Opp. at 6.  Plaintiffs cannot do so because the SAC merely alleges that "Egon Durban . . . signed Unity's 2021 Form 10-K."  SAC ¶ 307(b).

Silver Lake does not dispute that Mr. Durban signed Exhibit D; it merely seeks to provide the Court with the additional fact that within this same document—mere inches away from Mr. Durban's signature—Exhibit D clarifies that Mr. Durban did not sign on behalf of Silver Lake. Because Plaintiffs' allegations do not dispute this fact, the Court may assume the truth of the matter.  *Khoja*, 899 F.3d at 1003; *see also In re NVIDIA*, 768 F.3d at 1058 n.10.

Because Exhibits A through D are incorporated by reference into the SAC, and because no facts cited by Silver Lake contradict any facts within the SAC, the Court should consider Exhibits A through D and assume the truth of the facts within each when analyzing Silver Lake's Motion.

    **C.**    **<u>Exhibits A Through E And Their Cited Content Are Independently Subject to Judicial Notice</u>**

Silver Lake also requested the Court take judicial notice of each Exhibit for the independent reason that each is a public document filed with the SEC.  Such documents are the "types of documents of which this Court [may] properly [] take judicial notice." *In re Pixar Sec. Litig.*, 450 F. Supp.2d 1096, 1100 (N.D. Cal. 2006); *see also Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,

---

[5] Exhibit C is also cited in the Motion in support of the fact that Mr. Durban joined the Unity Board prior to Unity's IPO.  This fact is alleged in the SAC and not contested by Plaintiffs in the RJN Opp.  *See* SAC ¶ 32 ("Egon Durban . . . has served on the Board of Directors of Unity since before Unity's IPO in September 2020.").

540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (holding that taking judicial notice of SEC filings "was proper").

Plaintiffs "do not object to the use of these documents." RJN Opp. at 5. Yet, Plaintiffs argue that each "may only be considered for the purpose of determining what was said without prejudice to Lead Plaintiffs' ability to contest the accuracy of those statements." *Id.* (citing *Weston v. DocuSign, Inc.*, 2023 WL 3000583, at \*10 (N.D. Cal. Apr. 18, 2023)).

A court may take judicial notice of a fact that "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "A filing with the SEC is the type of public record that comes from a source whose accuracy cannot reasonably be questioned." *Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1014 n.13 (N.D. Cal. 2015) (taking judicial notice of an SEC filing for the fact that two companies merged and the surviving corporation registered with the SEC).

Here, the facts Silver Lake cites in its Motion arising from Exhibits A through D are not "subject to reasonable dispute because . . . [they] can be accurately and readily determined from [each SEC filing]." Fed. R. Evid. 201(b)(2).

### 1. The Facts Cited with Support from Exhibits A and B are Subject to Judicial Notice

First, Exhibits A and B are cited to show (i) Silver Lake's ownership of Unity shares, and (ii) the number of directors on Unity's Board. Mot. at 3. Plaintiffs do not dispute the authenticity of Exhibits A or B. Further, Plaintiffs do not contest the number of Unity shares owned by Silver Lake; Plaintiffs even allege the exact same percentage of shares were owned by Silver Lake in the SAC. *Compare* Mot. at 3 (citing Silver Lake's ownership of between 11.8% and 14.6% of Unity) and SAC ¶¶ 32(b)-(c) (alleging that Silver Lake owned between 11.8% and 14.6% of Unity's outstanding shares by citing to the documents Silver Lake introduced as Exhibits A and B). Plaintiffs also "do not necessarily challenge the number of directors on Unity's board during the Class Period." RJN Opp. at 6. They do not because such a challenge would be patently unreasonable, as each director is clearly listed in Exhibits A and B in such a way as to make the number of directors on Unity's Board "accurately and readily determin[able]." *See Khoja*, 899

F.3d at 1001 (judicially noting a patent application filing date because the patent application's authenticity was not in dispute and the filing date could be "accurately and readily determined" from the patent application).  Therefore, both facts Silver Lake cites in its Motion with support from Exhibits A and B should be subject to judicial notice.

**2.    The Facts Cited with Support from Exhibits C and E are Subject to Judicial Notice**

Silver Lake cites Exhibits C and E in its Motion to show: (i) Mr. Durban joined the Unity Board as Silver Lake's nominee in connection with Silver Lake's June 2017 investment in Unity; (ii) Silver Lake did not have the power to appoint directors during the class period; and (iii) that the statement quoted in the SAC regarding the Private Equity Defendants' ability to "control" Unity if they worked together was nothing more than a hypothetical risk factor.  Mot. at 3-4, 9; *id.* at 4, n.3.

Again, Plaintiffs do not dispute the authenticity of Exhibits C or E, and they do not dispute when Mr. Durban joined the Silver Lake board, whether Silver Lake had the power to appoint directors during the Class Period, or that the statement in Exhibit C regarding the Private Equity Defendants ability to work together was nothing more than a hypothetical risk factor.  *See generally*, RJN Opp. Further, the fact that Mr. Durban joined the Unity Board in June 2017 and prior to Unity's IPO is not subject to reasonable dispute as a matter of public record.  *See* Ex. C at 155 ("Mr. Durban has served as a member of our board of directors since June 2017").  In fact, Plaintiffs explicitly allege that Mr. Durban "has served on the Board of Directors of Unity since before Unity's IPO in September 2020." SAC ¶ 32. And, Exhibit C clearly states that "none of [Unity's] stockholders w[ould] have any special rights regarding the election or designation of members of our board of directors" upon completion of the IPO.  Ex. C at 182.  Therefore, the fact that Mr. Durban joined the Unity Board prior to Unity's IPO, and that Silver Lake did not have the power to appoint the Unity directors during the Class Period are both undisputed, not subject to reasonable dispute, and should be judicially noticed by the Court.[6]  *See Khoja*, 899 F.3d at 1001.

---

[6] Plaintiffs' assertion that the Private Equity Defendants use Exhibit E to challenge the allegation that Mr. Riccitiello left Unity without a succession plan is baseless.  *See* RJN Opp. at 6.  The SAC does not contain the said allegation, and the RJN does not cite Exhibit E in connection with the circumstances of Mr. Riccitiello's departure.  Silver Lake

-9-

Likewise, Exhibit C also clearly states that the Private Equity Defendants would have the ability to control Unity only if they "choose to act together." Ex. C at 57. The Court may take judicial notice of this fact, and its hypothetical nature, because it is not subject to reasonable dispute based on the plain language of Exhibit C. *See Khoja*, 899 F.3d at 1001.

### 3. The Fact Cited with Support from Exhibit D is Subject to Judicial Notice

Finally, Silver Lake cites Exhibit D in the Motion for the fact that Mr. Durban signed Unity's 2021 10-K in his capacity as a Unity director, not on behalf of Silver Lake. Mot. at 4. Plaintiffs again fail to explicitly contest this fact, and indeed they cannot reasonably do so. The 2021 10-K states directly above Mr. Durban's signature that "[p]ursuant to the requirements of the Securities Exchange Act of 1934, this report has been signed below by the following persons on behalf of the registrant and in the capacities and on the dates indicated." Ex. D at 144. Next to Mr. Durban's signature and under "Title," the 2021 10-K states that Mr. Durban signed the document as a Unity "Director." *Id.* This clear statement brings the fact that Mr. Durban signed the 2021 10-K as a Unity director out of the realm of any reasonable dispute. Therefore, the Court may properly judicially notice this fact. *See Khoja*, 899 F.3d at 1001.

## III. CONCLUSION

Exhibits A through E are each incorporated into the SAC and judicially noticeable, and the Court should consider the facts within each when analyzing Silver Lake's Motion.

---

cites Exhibit E only to show that it was the Unity Board, not Silver Lake, that appointed a Silver Lake advisor as interim CEO and Board member of Unity—a fact not subject to reasonable dispute. *See* RJN at 4, n.3.

-10-

Date: July 31, 2024

Respectfully submitted,

*/s/ Stephen P. Blake*
Stephen P. Blake (SBN 260069)
sblake@stblaw.com
Laura K. Lin (SBN 281542)
Laura.lin@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

*Attorneys for Defendant Silver Lake Group, L.L.C.*

-11-