JORDAN ETH (CA SBN 121617)
JEth@mofo.com
CHRISTIN HILL (CA SBN 247522)
CHill@mofo.com
SUSANA HERRERA (CA SBN 348147)
SHerrera@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

*Attorneys for Defendants Unity Software Inc., John S.
Riccitiello, Luis Felipe Visoso, and Ingrid Lestiyo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re UNITY SOFTWARE INC., SECURITIES LITIGATION | Case No. 5:22-cv-03962-EJD |
| | **UNITY DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR CONSIDERATION OF DOCUMENTS INCORPORATED INTO SECOND AMENDED COMPLAINT AND FOR JUDICIAL NOTICE** |
| | Date:        September 12, 2024<br>Time:        9:00 a.m.<br>Judge:      Hon. Edward J. Davila<br>Dept.:      Courtroom 4 – 5th Floor |
| | Second Amended Complaint Filed: April 12, 2024<br>Trial Date: None yet set |

## I.      INTRODUCTION

In support of their Motion to Dismiss (ECF No. 133, the "Motion" or "Mot."), the Unity Defendants ask the Court to consider certain documents referenced and relied upon in Plaintiffs' Second Amended Complaint ("SAC") and other documents for which courts routinely take judicial notice. (*See* Unity Defendants' Request for Consideration and Judicial Notice (ECF No. 134, hereinafter the "Request" or "RJN").) Specifically, the Unity Defendants ask the Court to consider Exhibits 1-10 to the Declaration of Christin Hill filed on May 22, 2024 (ECF No. 133-2, hereinafter the "Hill Declaration"), under the doctrine of incorporation by reference. (*See* RJN at 2-4.) The Unity Defendants also ask the Court to take judicial notice of Exhibits 2, 5, 7, 9, and 11-13 to the Hill Declaration. (*See id*. at 4-6.)

Plaintiffs' Opposition to the Unity Defendants' Request for Consideration and Judicial Notice (ECF No. 140, hereinafter "RJN Opposition" or "RJN Opp.") agrees that the Court may take judicial notice of and/or incorporate by reference the 13 Exhibits at issue. Plaintiffs argue, however, that the court "cannot assume the truth of the matter asserted" in these documents. (RJN Opp. at 2.)

Plaintiffs conflate judicial notice and the separate doctrine of incorporation by reference, which the Ninth Circuit has affirmed permits a court to consider a document in its entirety. As such, the Court may accept undisputed factual statements in documents incorporated by reference as true. Additionally, Plaintiffs object to the Court's consideration of these documents based on a mischaracterization of the purposes for which the Unity Defendants seek judicial notice and incorporation by reference. In doing so, Plaintiffs' seven-page Opposition consists primarily of improper arguments on the merits of the Motion. Finally, Plaintiffs overstate the holdings of *Khoja*, which allows for the consideration of documents incorporated by reference and/or subject to judicial notice to challenge Plaintiffs' conclusory allegations. *Khoja v. Orexigen Therapeutics*, *Inc.*, 899 F.3d 988 (9th Cir. 2018).

The Court has already found that Exhibits 1-9 and 11-13 were incorporated by reference

1

and / or judicially noticed.[1]  *See* March 15, 2024 Order Granting Defendants' Motions to Dismiss (ECF. No. 124, hereinafter the "Order").  The Court noted, however, that it would not use the documents to resolve factual disputes at this stage. (Order at 12-14.) The Unity Defendants do not rely on these documents to create factual disputes with any of Plaintiffs' well-pled allegations. Instead, consistent with the Order, the Unity Defendants seek the Court's consideration of these documents only to provide important context in considering the alleged falsity of the Challenged Statements and Plaintiffs' conclusory allegations regarding the Unity Defendants' scienter.

Accordingly, Plaintiffs' RJN Opposition lacks merit, and the Unity Defendants' Request should be granted, consistent with the Court's Order. (Order at 11-14.)

## II.    ARGUMENT

Although it is generally true that district courts cannot consider materials beyond the complaint when ruling on a motion to dismiss, there are two exceptions: the doctrine of incorporation by reference and judicial notice under Federal Rule of Evidence 201. *See Khoja*, 899 F.3d at 998. The doctrine of incorporation by reference is distinct from judicial notice, and each provides a separate ground for considering materials outside of a complaint. *Id.* The documents attached as **Exhibits 1-13** of the Hill Declaration are appropriate for the Court's consideration under the doctrine of incorporation by reference, judicial notice, or both.

### A.    The Court Should Consider Documents Referenced In The SAC As Incorporated By Reference

As described in Unity Defendants' Request, the Court may properly consider Exhibits 1-10 as they have been incorporated by reference into the SAC. (RJN at 2-4.) Indeed, the Court has already determined that Plaintiffs "necessarily rel[y] on statements" in Exhibits 1-9, thereby incorporating these exhibits by reference. (Order at 12.)

Plaintiffs do not dispute that Exhibits 1-10 are incorporated by reference. (RJN Opp. at 4.) Instead, Plaintiffs assert that these documents may not be used to dispute the falsity of Unity's statements regarding the strength of Unity's platform or Plaintiffs' allegations of scienter. (*Id.* at

---

[1] Defendants' Exhibit 10 was not at issue in the prior round of motions to dismiss, and therefore has not yet been considered by the Court.

4-7.) Plaintiffs' attempts to limit the Court's consideration of these documents is contrary to Ninth Circuit authority.

Documents incorporated by reference into the complaint should be treated "as part of the complaint" and the court "may assume that [the documents'] contents are true for the purposes of a motion to dismiss." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (citation omitted). The court may therefore consider the contents of documents incorporated by reference to determine whether, when "analyzed in context" of the information contained therein, defendants' statements are false or misleading. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (consideration of "full text of the Prospectus, including portions which were not mentioned in the complaints," is "appropriate in the context of a motion to dismiss") (citations omitted); *see also Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc*., 63 F.4th 747, 764 (9th Cir. 2023) ("To state a claim that an opinion is false or misleading, the investor must identify particular material facts regarding the basis for the issuer's opinion, the omission of which makes the statement 'misleading to a reasonable person reading the statement fairly and in context.'") (citation omitted).

Furthermore, while it is true that a court should not assume the truth of these documents "if such assumptions only serve to dispute facts stated in a well-pleaded complaint," *Khoja*, 899 F.3d at 1003 (emphasis added), where plaintiffs rely on "conclusory allegations that are contradicted by documents referred to or incorporated in the complaint, a court may decline to accept such conclusory allegations as true." *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (quoting *J.K.J. v. City of San Diego*, 17 F.4th 1247, 1254 (9th Cir. 2021)).

Here, the Unity Defendants do not rely on documents incorporated by reference to present a factual dispute with any of Plaintiffs' well-pled allegations. Instead, consistent with the Order, the Unity Defendants seek the Court's consideration of these documents only to provide important context in considering the alleged falsity of the Challenged Statements and Plaintiffs' conclusory allegations regarding the Unity Defendants' scienter.

For example, the Unity Defendants do not rely on Unity's publicly reported revenue to factually dispute Plaintiffs' alleged changes in Operate's revenue growth quarter-over-quarter;

after all, Plaintiffs calculate these values from the same reported revenue. (¶¶ 237-39.) Instead, the Unity Defendants ask the Court to consider Unity's reported revenue in full—as disclosed to the market in documents incorporated by reference and/or subject to judicial notice—in determining whether allegations regarding Unity's revenue either show the falsity of any of the Challenged Statements or give rise to a strong inference of scienter.

For the reasons detailed herein and in the Unity Defendants' Request, under the doctrine of incorporation by reference, and consistent with the Court's Order, the Court may properly consider Exhibits 1-10 in their entirety in connection with the Unity Defendants' motion to dismiss. (Order at 11-13.)

**B.      The Court Should Take Judicial Notice Of The Unity Defendants' SEC Filings**

As described in the Unity Defendants' Request, the Court may also take judicial notice of Exhibits 2, 5, 7, 9, and 11-13, which are all documents publicly filed with the SEC. (RJN at 4-6 & n.1.) Indeed, the Court has already taken judicial notice of these SEC filings as they are public documents whose accuracy cannot reasonably be questioned." (Order at 13-14.)

Plaintiffs do not dispute that these public SEC filings are properly judicially noticeable, nor do Plaintiffs dispute that the Court may take judicial notice that the market was aware of the information contained in such documents. (RJN Opp. at 4 ("Lead Plaintiffs do not object to the use of these documents that are among those that courts typically deem appropriate to judicially notice.").)

Instead, Plaintiffs object to the use of certain of these exhibits—in particular, Exhibits 2, 5, and 7—to the extent they provide Unity's reported quarterly revenue and yearly revenue growth, which Plaintiffs' allege the Unity Defendants use to "raise factual issues" with well-pled allegations in the SAC. (RJN Opp. at 5-6.) Not so.

Although a court is required to accept all well-pled allegations, it need not accept "conclusory" allegations or "unwarranted inferences." *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). As such, courts are not prevented from "using the doctrines of judicial notice or incorporation by refence to create factual disputes with a plaintiff's

conclusory allegations." *In re Eventbrite, Inc. Sec. Litig.*, No. 5:18-cv-02019-EJD, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020). A court may therefore decide the falsity of a challenged statement by reference to facts properly subject to judicial notice where plaintiff does not provide any well-pled facts that allow the court to draw a reasonable inference to the contrary. *See, e.g., In re Hall, Kinion & Assocs., Inc., Sec. Litig.*, No. C 99–02943 WHA, 2000 WL 1639503, at *1 (N.D. Cal. Oct. 27, 2000) (taking judicial notice of publicly reported revenue and revenue projections in finding statements regarding company's growth plan were not false or misleading); *Eventbrite*, 2020 WL 2042078, at *11 (finding that "a closer inspection of [defendant's] SEC filings appears to belie" plaintiffs' theory of falsity).

Plaintiffs' own authority stands only for the proposition that the Court may not use a judicially noticeable fact to raise a competing inference to Plaintiffs' well-pled facts. (RJN Opp. at 4-6.) In *Khoja*, the court refused to judicially notice that certain facts were previously disclosed to the public where the alleged disclosure was "subject to varying interpretations, and there [wa]s a reasonable dispute as to what the [transcript] establishe[d]." 899 F.3d at 1000 (citation omitted). Similarly, in *Vesta*, the court would not take judicial notice that "other companies [were] capable of providing" services that would compete with defendants (and thus defendants could not maintain supra-competitive pricing) as this was an "issue of fact that is hotly disputed in this case." *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 129 F. Supp. 3d 1012, 1021 (D. Or. 2015). In *DocuSign*, plaintiffs alleged certain statements were false and misleading because they were inconsistent with internal key performance metrics, such as customer usage and retention rates. *Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 867 (N.D. Cal. 2023). The court denied judicial notice of a chart prepared by counsel providing entirely different financial metrics—quarterly and fiscal year financial guidance and actual results—to dispute plaintiffs' inferences. *Id*. at *11.

Here, there is no factual dispute. Plaintiffs admit that they "do not challenge Unity's reported financial results." (RJN Opp. at 5.) Nor could they, as Plaintiffs rely upon these same figures to calculate their quarter-over-quarter analysis. (¶ 237; see also Lead Plaintiffs' Omnibus Brief in Opposition to Defendants' Motions to Dismiss ("MTD Opp."), ECF No. 139, at 9.) And, unlike the defendants in *DocuSign*, the Unity Defendants do not request judicial notice of

financial metrics that were not otherwise alleged by Plaintiffs. Plaintiffs themselves allege that Operate's revenue growth (and Unity's own revenue by extension) is relevant to both the falsity of the Challenged Statements and the Unity Defendants' scienter. (MTD Opp. at 21, 30.) Instead, the Unity Defendants ask the Court only to consider the Company's revenue and revenue growth as it was reported to investors (i.e., as a year-over-year metric to follow standard financial reporting and account for seasonality, *see* Mot. at 22-23) in determining whether the challenged statements were false or misleading or whether Plaintiffs' conclusory allegations raise a strong inference of scienter. As such, consistent with the Court's Order, the Court may properly take judicial notice of these documents, including the undisputed revenue and revenue growth reported therein. (Order at 13-14.)

Finally, Plaintiffs challenge the use of Exhibits 11-13 to "factually dispute" Plaintiffs' allegations regarding Defendants Riccitiello and Lesityo's stock sales and the number of Unity shares beneficially owned by each Defendant. (RJN Opp. at 6.) As explained in the Unity Defendants' Request, courts "routinely take[] judicial notice of Forms 4 to determine whether insider stock sales raise an inference of scienter." *Azar v. Yelp, Inc.*, No. 18-cv-00400-EMC, 2018 WL 6182756, at *4 (N.D. Cal. Nov. 27, 2018); (*see also* RJN at 5 (collecting cases)).  Plaintiffs do not contest the accuracy of the Forms 4 (Exhibits 11-13) or Unity's 2021 Proxy Statement (Exhibit 9), which Plaintiffs themselves rely on to establish the number of Unity shares beneficially held by Defendants Sequoia and Silver Lake.

For the reasons detailed herein and in the Unity Defendants' Request and consistent with the Court's Order, the Court may take judicial notice of Exhibits 2, 5, 7, 9, and 11-13, including that the information within these documents was available to the market, in connection with the Unity Defendants' motion to dismiss. (Order at 13-14.)

### III.   CONCLUSION

For the foregoing reasons, the Unity Defendants respectfully request that the Court grant their RJN filed in support of their Motion to Dismiss.

UNITY DEFENDANTS' REPLY ISO REQUEST FOR CONSIDERATION AND JUDICIAL NOTICE
CASE NO. 5:22-CV-03962-EJD

Dated:  July 31, 2024                    MORRISON & FOERSTER LLP


                                         */s/ Christin Hill*
                                         JORDAN ETH (SBN 121617)
                                         JEth@mofo.com
                                         CHRISTIN HILL (SBN 247522)
                                         CHill@mofo.com
                                         SUSANA HERRERA (SBN 348147)
                                         SHerrera@mofo.com
                                         MORRISON & FOERSTER LLP
                                         425 Market Street
                                         San Francisco, California 94105-1905
                                         Telephone: 415.268.7000
                                         Facsimile: 415.268.7522

                                         *Attorneys for Defendants Unity Software Inc.,*
                                         *John S. Riccitiello, Ingrid Lestiyo, and Luis*
                                         *Felipe Visoso*

7