UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE UNITY SOFTWARE INC. SECURITIES LITIGATION, | Case No. 22-cv-03962-EKL<br><br>**ORDER OF DISMISSAL** |

In this federal securities class action, Lead Plaintiffs Oklahoma Firefighters Pension and Retirement System and Indiana Public Retirement System (collectively, "Plaintiffs") alleged that Defendants made false and misleading statements to investors in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5, promulgated by the U.S. Securities and Exchange Commission ("SEC"). Second Am. Compl. ("SAC"), ECF No. 129.

Plaintiffs asserted Count I for violation of Section 10(b) and Rule 10b-5 against Defendant Unity Software Inc. ("Unity") and individual Unity officers and directors John Riccitiello, Luis Felipe Visoso, and Ingrid Lestiyo (collectively, "Unity Defendants"). Plaintiffs asserted Count II for violation of Section 20(a) against Defendants SC Us SSF 2013 (TTGP), LLC and Sequoia Capital Operations, LLC (collectively, "Sequoia Defendants"); Defendant Silver Lake, LLC ("Silver Lake"); and Defendant David Helgason, a Unity founder and Board Member.[1]

On April 12, 2024, Plaintiffs filed the second amended complaint. ECF No. 129. On May 22, 2024, the Unity, Sequoia, and Silver Lake Defendants filed motions to dismiss the second

---

[1] Plaintiffs alleged that Silver Lake, Helgason, and the Sequoia Defendants are, or were, controlling shareholders of Unity. *See, e.g.*, SAC ¶ 34.

amended complaint. ECF Nos. 131, 132, 133. On May 23, 2024, a summons issued for Defendant Helgason. ECF No. 135.

On March 12, 2025, the Court granted the Unity, Sequoia, and Silver Lake Defendants' motions to dismiss, and dismissed the second amended complaint with prejudice. ECF No. 161. To date, Plaintiffs have not filed proof of service for Defendant Helgason, nor has he appeared in this case.

For the reasons stated in the March 12, 2025 order, Plaintiffs lack viable claims for relief against the Unity Defendants or the controlling shareholder Defendants, Sequoia, and Silver Lake. ECF No. 161. Accordingly, the Court will enter judgment in favor of those Defendants.

By this order, the Court also dismisses Plaintiffs' claims as to Defendant Helgason. The Court possesses the inherent power to dismiss an action on its own motion "to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-33 (1962). In determining whether it is appropriate to dismiss for the failure to prosecute, courts consider five factors, including "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

For the reasons stated in the March 12, 2025 order, and given Plaintiffs' failure to either serve Defendant Helgason with process or indicate whether a separate basis exists for asserting any claims against him, the Court finds that all five of the above factors weigh in favor of dismissing this case as against Defendant Helgason. Accordingly, the Court dismisses Count II without prejudice as to Defendant Helgason.

**IT IS SO ORDERED.**

Dated: March 20, 2025

Eumi K. Lee
United States District Judge